# Matter of Luis Felipe GARCIA ARREOLA, Respondent

File A038 829 033 - Charlotte, North Carolina

*Decided June 23, 2010*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

Section 236(c) of the Immigration and Nationality Act, 8 U.S.C. § 1226(c) (2006), requires mandatory detention of a criminal alien only if he or she is released from non-DHS custody after the expiration of the Transition Period Custody Rules ("TPCR") and only where there has been a post-TPCR release that is directly tied to the basis for detention under sections 236(c)(1)(A)–(D) of the Act. *Matter of Saysana*, 24 I&N Dec. 602 (BIA 2008), overruled; *Matter of Adeniji*, 22 I&N Dec. 1102 (BIA 1999), modified.

FOR RESPONDENT:  Gerard M. Chapman, Esquire, Greensboro, North Carolina

AMICUS CURIAE:  Stephen W. Manning, Esquire, Portland, Oregon[1]

FOR THE DEPARTMENT OF HOMELAND SECURITY:  David A. Martin, Principal Deputy General Counsel

BEFORE: Board Panel: ADKINS-BLANCH and GUENDELSBERGER, Board Members; KING, Temporary Board Member.

ADKINS-BLANCH, Board Member:

In a decision dated July 8, 2009, an Immigration Judge determined that the respondent was not subject to mandatory detention under section 236(c) of the Immigration and Nationality Act, 8 U.S.C. § 1226(c) (2006), granted the respondent's request for a change in custody status, and ordered his release from custody of the Department of Homeland Security ("DHS") upon posting a bond in the amount of $3,000. The DHS has appealed from that decision. The record will be remanded to the Immigration Judge.

---

[1] We acknowledge the very helpful briefs submitted by the parties and by the amicus curiae, representing the American Immigration Lawyers Association.

## I.  FACTUAL AND PROCEDURAL HISTORY

The respondent, a native and citizen of Mexico, entered the United States on November 17, 1983, as an immigrant.  He is in removal proceedings, having been charged with removability under section 237(a)(2)(B)(i) of the Act, 8 U.S.C. § 1227(a)(2)(B)(i) (2006), based on his March 31, 1989, conviction for possession of a controlled substance in violation of section 11350(a) of the California Health and Safety Code, for which he was sentenced to a term of imprisonment of 365 days.  The respondent does not contend that the DHS is substantially unlikely to prevail on the charges of removability.  *See Matter of Joseph*, 22 I&N Dec. 799 (BIA 1999).

The respondent was arrested and charged with the crime of assault of a female in North Carolina on June 8, 2002, and again on June 30, 2009.  These charges were ultimately dismissed.  On July 2, 2009, the DHS lodged a detainer against the respondent based on his removability under section 237(a)(2)(B)(i) of the Act.  Upon the conclusion of the criminal proceedings related to his State charge, the respondent was transferred into DHS custody and was held in mandatory detention under section 236(c) of the Act.

On appeal, the DHS initially argued that the Immigration Judge erred by ignoring *Matter of Saysana*, 24 I&N Dec. 602 (BIA 2008), in favor of a district court decision from outside the jurisdiction in which this case arises.  In addition, the DHS argued that the Immigration Judge erred in finding the facts of this case distinguishable from *Matter of Saysana*.  In supplemental briefing the DHS now requests that we revisit our holding in *Matter of Saysana* in light of the Federal judiciary's near uniform rejection of our interpretation of the mandatory detention provision in that decision.  On this point, the parties appear to be in agreement.  We review de novo this question of law.  *See* 8 C.F.R. § 1003.1(d)(3)(ii) (2010); *see also Matter of A-S-B-*, 24 I&N Dec. 493 (BIA 2008).

## II.  ISSUE

The principal issue presented on appeal is whether a post-Transition Period Custody Rules ("TPCR") release from non-DHS custody must be directly tied to the basis for detention in sections 236(c)(1)(A)–(D) of the Act to implicate the mandatory detention provision of the statute.[2]  We previously held that

---

[2] The implementation of section 303(b)(2) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Division C of Pub. L. No. 104-208, 110 Stat. 3009-546, 3009-586 ("IIRIRA"), which was codified in section 236(c) of the Act, was deferred for

(continued...)

section 236(c) requires mandatory detention of a criminal alien only if he or she is released from non-DHS custody after October 8, 1998, the last day that the TPCR were in effect. *See Matter of Adeniji*, 22 I&N Dec. 1102 (BIA 1999). There is no dispute that the alien in this case was released from non-DHS custody—that is, the alien was released from criminal custody relating to his 2002 and 2009 criminal charges in North Carolina—after the expiration of the TPCR.

In *Matter of Rojas*, 23 I&N Dec. 117 (BIA 2001), we explained that the mandatory detention provision of section 236(c) of the Act is implicated by a post-TPCR release from non-DHS custody even if the alien is not immediately taken into custody by the DHS. That holding is not in dispute in this case. Most recently, in *Matter of Saysana*, we held that the language of section 236(c)(1) of the Act does not support limiting the non-DHS custodial setting to post-TPCR criminal custody tied to the offenses enumerated in the statute. As explained below, we now withdraw from *Matter of Saysana*. Further, we modify our decision in *Matter of Adeniji* and now hold that section 236(c) of the Act requires mandatory detention of a criminal alien only if he or she is released from non-DHS custody after the expiration of the TPCR and only where there has been a post-TPCR release that is directly tied to the basis for detention under sections 236(c)(1)(A)–(D) of the Act.

## III. ANALYSIS

The regulations provide that an Immigration Judge has no authority to redetermine the conditions of custody of an alien in removal proceedings subject to section 236(c)(1) of the Act. *See* 8 C.F.R. § 1003.19(h)(2)(i)(D) (2010). As relevant here, the statute requires that the Attorney General must take into custody any alien who is removable by reason of having committed any offense covered in section 237(a)(2)(B) of the Act, when the alien is released, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense. *See* section 236(c)(1)(B) of the Act. The respondent is charged with removability under section 237(a)(2)(B)(i) of the Act.

---

(...continued)
2 years, during which time detention was governed by section 303(b)(3) of the IIRIRA, 110 Stat. at 3009-586, otherwise known as the Transition Period Custody Rules. The TPCR expired on October 8, 1998, and the mandatory detention provision of section 236(c) of the Act became effective.

As noted in the DHS and amicus curiae briefs, the United States Court of Appeals for the First Circuit and a number of United States district courts have disagreed with our holding in *Matter of Saysana. See Saysana v. Gillen*, 590 F.3d 7 (1st Cir. 2009).[3]  Further, we acknowledge the consequent lack of clear guidance and uniformity in the interpretation of the mandatory detention provision and the difficulty this presents all parties, but particularly the DHS in its duty to administer this specific provision of the Act.  The DHS now urges us to interpret the statute to regard mandatory detention under section 236(c)(1) of the Act as arising from a post-TPCR "release" when the release is from custody based on an underlying criminal conviction that gives rise to the qualifying inadmissibility or deportability set out in sections 236(c)(1)(A)–(D) of the Act.

As previously noted, we held in *Matter of Saysana* that any post-TPCR release from non-DHS custody is sufficient to implicate the mandatory detention provision of section 236(c) of the Act, regardless of whether the release was from criminal custody for a conviction that rendered the alien inadmissible or deportable.  However, our holding was challenged in the United States District Court for the District of Massachusetts and was ultimately rejected by the First Circuit. *Saysana v. Gillen*, 590 F.3d 7; *Saysana v. Gillen*, No. CIV.A.08-11749-RGS, 2008 WL 5484553 (D. Mass. Dec. 1, 2008).

The First Circuit reasoned that only aliens released from non-DHS custody subsequent to the expiration of the TPCR are subject to the mandatory detention provision of section 236(c) of the Act.  In this regard, the First Circuit's decision appears to be in agreement with our holding in *Matter of Adeniji*, 22 I&N Dec. 1102.  However, the First Circuit decision tied this requirement—that is, the requirement that only aliens released from non-DHS custody subsequent to the expiration of the TPCR are subject to the mandatory detention provision of section 236(c) of the Act—to the "when . . . released" language of section 236(c)(1) of the Act.

---

[3] The following are representative of the district court cases cited in the DHS brief. *See, e.g.*, *Ortiz v. Napolitano*, 667 F. Supp. 2d 1108, 1115 (D. Ariz. 2009); *Garcia v. Shanahan*, 615 F. Supp. 2d 175, 182 (S.D.N.Y. 2009); *Oscar v. Gillen*, 595 F. Supp. 2d 166, 170 (D. Mass. 2009); *Duy Tho Hy v. Gillen*, 588 F. Supp. 2d 122, 127 (D. Mass. 2008); *Burns v. Weber*, No. Civ. 09-5119 (JLL), 2010 WL 276229, at *5 (D.N.J. Jan. 19, 2010); *Hyung Woo Park v. Hendricks*, No. Civ. 09-4909 (JLL), 2009 WL 3818084, at *5-6 (D.N.J. Nov. 12, 2009); *Mitchell v. Orsino*, No. 09 Civ. 7029 (PGG), 2009 WL 2474709, at *3 (S.D.N.Y. Aug. 13, 2009); *see also, e.g.*, *Quezada-Bucio v. Ridge*, 317 F. Supp. 2d 1221, 1229-30 (W.D. Wash. 2004); *Pastor-Camarena v. Smith*, 977 F. Supp. 1415, 1417-18 (W.D. Wash. 1997); *Thomas v. Hogan*, No. 1:08-CV-0417, 2008 WL 4793739, at *3 (M.D. Pa. Oct. 31, 2008); *Cox v. Monica*, No. 1:07-CV-0534, 2007 WL 1804335, at *5 (M.D. Pa. June 20, 2007).

Specifically, the First Circuit held that when read in context, the "when . . . released" language of section 236(c)(1) of the Act unambiguously mandates detention only for aliens released from non-DHS custody after October 8, 1998, for the offenses enumerated in sections 236(c)(1)(A)–(D) of the Act. *See Saysana v. Gillen*, 590 F.3d at 16, 18.  However, we understand this requirement—which can be likened to an effective date for the post-TPCR mandatory custody regime—to derive from the "released after" language of section 303(b) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Division C of Pub. L. No. 104-208, 110 Stat. 3009-546, 3009-586 ("IIRIRA"), which does not independently appear within the Act.  On this point, we depart from the First Circuit's analysis, but for purposes of this decision, we nonetheless arrive at the same conclusion.[4]

As we discussed in *Matter of Saysana*, 24 I&N Dec. at 604, the "released" language of section 236(c)(1) of the Act is not expressly tied to any other language that would clarify whether it refers to release from criminal custody, DHS custody, or some other form of detention.  For that reason, we do not share the view that the language in section 236(c) of the Act is clear and unambiguous on its face.  That being said, neither do we find the view that the "released" language should be read more narrowly than we interpreted it in *Matter of Saysana* to be unreasonable, particularly in light of the fact that such interpretation has been taken by nearly all the Federal courts that have addressed this issue, by the respondent, and by the amicus curiae.  And now the DHS asks that we adopt this more narrow reading of the statutory language.

Accordingly, we now hold that mandatory detention under section 236(c) of the Act is addressed to the situation of an alien who is released from custody for one of the offenses enumerated in the Act.  That is, a post-TPCR "release" from non-DHS custody must be directly tied to the basis for detention under sections 236(c)(1)(A)–(D) of the Act in order to implicate the mandatory detention provision of section 236(c).  As the respondent's 2002 and 2009 releases from non-DHS custody resulting from his assault crimes were not offenses under sections 236(c)(1)(A)–(D), the respondent is not subject to mandatory detention under section 236(c)(1).

Contrary to the respondent's argument in his supplemental brief, we find that the DHS's alternative arguments regarding whether the respondent warrants release from custody under section 236(a) of the Act were adequately preserved.  These arguments were raised in the DHS's Notice of Appeal and in subsequent briefing.  In this regard, we understand the Immigration Judge to have determined that the respondent met his burden of proof and demonstrated that he is not a danger to the community and that a $3000 bond

---

[4]  We therefore do not recede from *Matter of Rojas*, 23 I&N Dec. 117.

was an amount reasonable to ensure his appearance at future hearings. *See* section 236(a) of the Act; *Matter of Urena*, 25 I&N Dec. 140 (BIA 2009) (holding that only if an alien has established that he would not pose a danger to property or persons should an Immigration Judge decide the amount of bond necessary to ensure the alien's presence at proceedings to remove him from the United States); *Matter of Guerra*, 24 I&N Dec. 37 (BIA 2006); *Matter of Adeniji*, 22 I&N Dec. 1102; *Matter of Drysdale*, 20 I&N Dec. 815 (BIA 1994); 8 C.F.R. § 1236.1(c)(3) (2010).

However, given the evidence of the respondent's lengthy criminal history, which spans more than 20 years and includes three drug convictions and multiple arrests for various criminal conduct, we appreciate the DHS's concern that the respondent may present a danger to the community. *See Matter of Guerra*, 24 I&N Dec. at 40 (affording the Immigration Judge broad discretion in deciding the factors that may be considered, including evidence in the record of serious criminal conduct, even where such conduct has not resulted in a conviction). In light of the foregoing, the record will be remanded to the Immigration Judge to more fully address whether the respondent has rebutted the presumption that he is a danger to the community. *See Matter of Urena*, 25 I&N Dec. 140. On remand, the Immigration Judge should conduct a new bond hearing under section 236(a) of the Act and issue a new decision.

**ORDER:** The record is remanded to the Immigration Judge for further proceedings consistent with the foregoing opinion and for the entry of a new decision.