# In re Roman KOTLIAR, Respondent

File A79 525 391 - Lancaster

*Decided March 21, 2007*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1) An alien who has been apprehended at home while on probation for criminal convictions is subject to mandatory detention under section 236(c)(1) of the Immigration and Nationality Act, 8 U.S.C. § 1226(c)(1) (2000), regardless of the reason for the most recent criminal custody, provided it can be ascertained from the facts that he was released from criminal custody after October 8, 1998, the expiration date of the Transition Period Custody Rules.

(2) An alien need not be charged with the ground that provides the basis for mandatory detention under section 236(c)(1) of the Act in order to be considered an alien who "is deportable" on that ground.

FOR RESPONDENT: Leon B. Hazany, Esquire, Beverly Hills, California

BEFORE: Board Panel: PAULEY and HESS, Board Members; ROMIG, Temporary Board Member.

PAULEY, Board Member:

In a bond redetermination decision dated October 5, 2006, an Immigration Judge denied the respondent's request for a change in custody status, concluding that there was no jurisdiction to set a bond. The respondent has appealed from that decision. The appeal will be dismissed.

In a November 14, 2006, memorandum decision, the Immigration Judge considered the following facts, which are not in dispute. The respondent is a 33-year-old native and citizen of Russia who last entered the United States on or about April 6, 2001, as a nonimmigrant visitor with authorization to remain until October 5, 2001. Following his failure to depart, he was charged in a Notice to Appear (Form I-862) with having remained in the United States for a time longer than permitted in violation of section 237(a)(1)(B) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(1)(B) (2000). The respondent admitted that he has been convicted of the following offenses in violation of the California Penal Code: false identification to a police officer on June 1, 2006; petty theft with a prior on November 5, 2005; burglary on May 18, 2004; and cable TV theft on November 11, 2002.

The Immigration Judge concluded that the respondent is subject to mandatory detention pursuant to Section 236(c)(1)(B) of the Act, 8 U.S.C. § 1226(c)(1)(B) (2000), because of his multiple convictions for crimes involving moral turpitude. The theft offenses of which the respondent was convicted are clearly crimes involving moral turpitude, so there is no question in that regard before us. *United States v. Esparza-Ponce,* 193 F.3d 1133 (9th Cir. 1999); *Matter of Alarcon,* 20 I&N Dec. 557 (BIA 1992); *Matter of Adetiba*, 20 I&N Dec. 506 (BIA 1992); *see also Rashtabadi v. INS*, 23 F.3d 1562 (9th Cir. 1994).

The respondent makes two arguments on appeal. First, he contends that he is not subject to mandatory detention because he did not serve a jail term and was apprehended from his home while on probation, rather than when he was released from criminal custody. However, section 236(c)(1) of the Act expressly states that an alien is subject to mandatory detention and shall be taken into custody when the alien is released, without regard to whether he was released "on parole, supervised release, or probation."[1] Moreover, we have held that an alien who is released from criminal custody (including from an arrest preceding a conviction, as the respondent implicitly conceded took place here) after the expiration of the Transition Period Custody Rules, which occurred on October 8, 1998, is subject to mandatory detention pursuant to section 236(c) of the Act, even if the alien is not immediately taken into custody by immigration officials when released from incarceration. *Matter of Rojas*, 23 I&N Dec. 117 (BIA 2001); *Matter of West*, 22 I&N Dec. 1405 (BIA 2000). Although the Immigration Judge did not discuss when the respondent came into custody, it is obvious from the record that he must have been detained at some time after his conviction in 2002. Therefore, the record reflects that the respondent was released from criminal custody after the expiration of the Transition Period Custody Rules. Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Division C of Pub. L. No.

---

[1]  Section 236(c)(1) of the Act provides as follows:

> The Attorney General shall take into custody any alien who—
>      (A) is inadmissible by reason of having committed any offense covered in section 212(a)(2),
>      (B) is deportable by reason of having committed any offense covered in section 237(a)(2)(A)(ii), (A)(iii), (B), (C), or (D),
>      (C) is deportable under section 237(a)(2)(A)(i) on the basis of an offense for which the alien has been sentence to a term of imprisonment of at least 1 year, or
>      (D) is inadmissible under section 212(a)(3)(B) or deportable under section 237(a)(4)(B),
> when the alien is released, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense.

104-208, § 303(b)(3), 110 Stat. 3009-546, 3009-586. Consequently, the respondent's first argument must fail.

In his second argument, the respondent asserts that because the Notice to Appear did not charge that he is removable on the basis of his convictions, he should not be subject to mandatory detention pursuant to section 236(c)(1)(B) of the Act as one who "is deportable" under section 237(a)(2)(A)(ii) by reason of having committed two crimes involving moral turpitude. We disagree. Where the record reflects that an alien has committed any of the offenses covered in sections 237(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of the Act, the alien is subject to mandatory detention pursuant to section 236(c)(1)(B) as one who "is deportable" for the offense, without regard to whether the Department of Homeland Security ("DHS") has exercised its prosecutorial discretion to lodge a charge based on the offense.

We have previously held that the "is deportable" language in the Transition Period Custody Rules does not require that an alien be charged with and found deportable on the ground that provides the basis for mandatory detention. *Matter of Melo*, 21 I&N Dec. 883, 885 n.2 (BIA 1997) (noting that "bond determinations . . . are normally rendered before any finding of deportability"); *see also Matter of Fortiz*, 21 I&N Dec. 1199, 1201 n.3 (BIA 1998) (distinguishing *Matter of Melo* in the context of establishing eligibility for a waiver). For similar reasons, we now hold that the "is deportable" language in the current mandatory custody statute does not require that the alien be charged with or found deportable on the particular ground on which detention is based.

In *Matter of Joseph*, 22 I&N Dec. 799, 806 (BIA 1999), we held that subject to an automatic stay provision, a lawful permanent resident is not considered "properly included" in a mandatory detention category when an Immigration Judge or the Board finds, on the basis of the bond record as a whole, that it is substantially unlikely that the Immigration and Naturalization Service (now the DHS) will establish at the merits hearing, or on appeal, the charge or charges of removability that would otherwise subject the alien to mandatory detention under section 236(c)(1) of the Act. The alien in that case was charged with being removable as an aggravated felon under section 237(a)(2)(A)(iii) of the Act, which would have rendered him subject to mandatory detention under section 236(c)(1)(B). There was no other charge of removability. We concluded that it was substantially unlikely that the respondent's offense would be viewed as an aggravated felony and therefore that he was not "properly included" in a mandatory detention category. *Id.* at 808.

The facts in this matter are distinguishable, in that the ground for removal is unrelated to the convictions subjecting the respondent to mandatory detention. In order to determine whether the respondent is properly included in a mandatory custody category where there is no charge that he is removable

on the basis of an offense enumerated in section 236(c)(1)(B), we look at the record to determine whether it establishes that he has *committed* an offense and whether the offense would give rise to a charge of removability included in that provision. In this case, where the respondent admitted that he was convicted of several crimes involving moral turpitude, we do not find that the DHS is substantially unlikely to establish that the respondent's convictions would support a charge of removability under section 237(a)(2)(A)(ii) of the Act. We therefore conclude that the Immigration Judge properly found him to be subject to mandatory detention.

Our conclusion is consistent with the congressional concern that criminal aliens would continue to commit crimes and would fail to appear for removal hearings if they were not detained, a concern that was noted by the United States Supreme Court in *Demore v. Kim*, 538 U.S. 510 (2003) (holding that the detention of a lawful permanent resident during removal proceedings pursuant to the mandatory detention provisions of the Act does not violate constitutional due process rights). Not only is the mechanism of mandatory detention required by the Act itself when the DHS has met its burden of showing that an alien has been convicted of, or committed, one of the offenses enumerated in section 236(c)(1) of the Act, but it is also a rational method of ensuring that criminal aliens appear at their hearings and are prevented from committing more crimes in the interim. The respondent is a repeat offender who continues to violate both our immigration and criminal laws. His detention will not only ensure his appearance at his removal proceedings, but it will also prevent him from engaging in further criminal activity.

Where the ground for removal subjects an alien to mandatory detention, the charging document serves as notice to the alien of the circumstances relied on by the DHS to detain him. However, where the basis for detention is not included in the charging document, the alien must be given notice of the circumstances or convictions that provide the basis for mandatory detention and an opportunity to challenge the detention before the Immigration Judge during the bond redetermination hearing. The Immigration Judge's decision, which found the respondent's admissions to his convictions to be the basis for mandatory detention, reflects that the respondent had notice and an opportunity to be heard in this matter.

On appeal, the respondent has presented additional evidence of discretionary factors and a claim for relief from removal. In light of the mandatory detention ruling, this evidence is not relevant to the bond redetermination. Accordingly, the respondent's appeal will be dismissed.

**ORDER:** The appeal is dismissed.