# Matter of Gholam GHANBARI, Respondent

*Decided October 10, 2025[1]*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

The Immigration Judge erred in determining that the respondent did not provide material support to a terrorist organization and was not subject to mandatory detention under section 236(c)(1)(D) of the Immigration and Nationality Act, 8 U.S.C.A. § 1226(c)(1)(D) (West 2025).

FOR THE RESPONDENT: Bradley Maze, Esquire, Southfield, Michigan

FOR THE DEPARTMENT OF HOMELAND SECURITY: Timothy E. Garcia, Assistant Chief Counsel

BEFORE: Board Panel: GOODWIN and HUNSUCKER, Appellate Immigration Judges; McCLOSKEY, Temporary Appellate Immigration Judge.

GOODWIN, Appellate Immigration Judge:

The Department of Homeland Security ("DHS") appeals the Immigration Judge's July 10, 2025, decision granting the respondent's request for bond. The Immigration Judge's August 7, 2025, bond memorandum sets forth the basis for the Immigration Judge's order. The respondent has filed a brief opposing DHS' appeal. The appeal will be sustained.[2]

The Immigration Judge determined that the respondent is not subject to mandatory detention under section 236(c) of the Immigration and Nationality Act ("INA"), 8 U.S.C.A. § 1226(c) (West 2025), as an alien described under section 237(a)(4)(B) of the INA, 8 U.S.C. § 1227(a)(4)(B) (2024), for providing material support to a terrorist organization. The Immigration Judge found that the respondent established DHS is "substantially unlikely to prevail" on the charge that the respondent is removable for providing material support to an undesignated terrorist organization. Thus, the Immigration Judge conducted the respondent's custody redetermination

---

[1] Pursuant to Order No. 6534-2025, dated December 19, 2025, the Attorney General designated the Board's decision in *Matter of Ghanbari* (BIA October 10, 2025), as precedent in all proceedings involving the same issue or issues. *See* 8 C.F.R. § 1003.1(g)(3) (2025). Editorial changes have been made consistent with the designation of the case as a precedent.

[2] DHS' request that the bond hearing be transcribed is denied.

hearing under section 236(a) of the INA, 8 U.S.C.A. § 1226(a), and found that he is not a danger to the community or a flight risk.

We agree with DHS that the Immigration Judge lacked jurisdiction to consider the respondent's request to be released from custody under section 236(c)(1)(D) of the INA, 8 U.S.C.A. § 1226(c)(1)(D). The respondent did not meet his burden to prove that he is not properly included in this category of aliens subject to mandatory detention. 8 C.F.R. § 1003.19(h)(2)(ii) (2025); *see also Jennings v. Rodriguez,* 583 U.S. 281, 289 n.1 (2018); *Matter of Joseph*, 22 I&N Dec. 799, 802 (BIA 1999). We have held that an alien need not be charged with the ground of removability making detention under section 236(c) of the INA, 8 U.S.C.A. § 1226(c), applicable. *See Matter of Kotliar*, 24 I&N Dec. 124, 126 (BIA 2007).

As DHS argues on appeal, the record in the bond proceedings shows that the respondent stated in his refugee application that he was a sympathizer of the terrorist organization Mojahedin-e-Khalq ("MEK") from 1980 to 1987 and was "dealing in propaganda activities." He also stated that authorities came to his house on June 28, 1981, found papers, leaflets, and books about the MEK movement, and detained him for being involved in "mojahidins' activities." Information provided by DHS from the Congressional Research Service states that the MEK participated in the 1979 Iranian Revolution, "supported the takeover of the U.S. embassy, and opposed the release of American hostages." In the early 1980s, the MEK launched attacks against the Islamic Republic in Iran, including a 1981 bombing that killed Iran's chief justice and dozens of other officials.

Additionally, in *Hosseini v. Nielsen*, 911 F.3d 366, 372-73 (6th Cir. 2018), the United States Court of Appeals for the Sixth Circuit, under whose jurisdiction this case arises, found that the MEK operated as a terrorist organization in the 1970s until at least September 1981. In addition, the court found that the distribution of flyers on behalf of the MEK constitutes material support to a terrorist organization. *Hosseini*, 911 F.3d at 377 (finding that distributing non-violent flyers on behalf of the MEK constitutes material support because it gives legitimacy to the organization while it engaged in terrorism).

Further, we disagree with the Immigration Judge's finding that the respondent's support was not material because he was approximately 15 to 16 years old and did not and should not have reasonably known of the MEK's involvement in the terrorist activities until the 1981 bombing. The Immigration Judge ignored the respondent's statements in his refugee application that Iranian officials accused him of being involved in mojahidins' activities, he was imprisoned twice, and a family member also

was a "mojahidin."   Moreover, the respondent did not testify at his bond hearing and did not present evidence that he was unaware of the MEK's violent activities or that he disassociated himself from the MEK upon learning of its violent activities.  *Cf. Daneshvar v. Ashcroft*, 355 F.3d 615, 628 (6th Cir. 2004) (concluding that the Board erred finding the respondent engaged in terrorist activity as a 16 year old, where he testified that he was unaware of MEK's violent activities and voluntarily disassociated from MEK merely a year after he joined it).  We thus cannot conclude that DHS is substantially unlikely to establish that the respondent's actions would support a charge of removability under section 237(a)(4)(B) of the INA, 8 U.S.C. § 1227(a)(4)(B).  *See Matter of Joseph*, 22 I&N Dec. at 806-07 (stating that "the Immigration Judge must have very substantial grounds to override" the mandatory detention category prior to the completion of the merits hearing); *see also Matter of Kotliar*, 24 I&N Dec. at 127.

Thus, the respondent is subject to mandatory detention under section 236(c)(1)(D) of the INA, 8 U.S.C.A. § 1226(c)(1)(D), and the Immigration Judge lacked jurisdiction to consider the respondent's request to be released from custody.  *See* 8 C.F.R. § 1003.19(h)(2)(i)(D).  The respondent will therefore be detained without bond.  In light of our disposition, we need not address DHS' remaining arguments on appeal.  *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) (per curiam) ("As a general rule courts and agencies are not required to make findings on issues the decision of which are unnecessary to the results they reach.").

Accordingly, the following orders will be entered.

ORDER:  The appeal is sustained.

FURTHER ORDER:  The Immigration Judge's July 10, 2025, custody decision is vacated, and the respondent is ordered detained without bond.