# In re Juan Francisco GUERRA, Respondent

File A96 649 951 - New York

*Decided September 28, 2006*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1)  In a custody redetermination under section 236(a) of the Immigration and Nationality Act, 8 U.S.C. § 1226(a) (2000), where an alien must establish to the satisfaction of the Immigration Judge that he or she does not present a danger to others, a threat to the national security, or a flight risk, the Immigration Judge has wide discretion in deciding the factors that may be considered.

(2) In finding that the respondent is a danger to others, the Immigration Judge properly considered evidence that the respondent had been criminally charged in an alleged controlled substance trafficking scheme, even if he had not actually been convicted of a criminal offense.

FOR RESPONDENT: Jorge Guttlein, Esquire, New York, New York

BEFORE:   Board Panel: OSUNA, Acting Vice Chairman; MOSCATO, Board Member; ROMIG, Temporary Board Member.

OSUNA, Acting Vice Chairman:

In an order dated June 7, 2006, an Immigration Judge denied the respondent's request for a change in custody status after finding that he poses a danger to the community.  The respondent has appealed from that order. The respondent argues that the Immigration Judge erred in denying his request for a change in custody status based on information contained in a criminal complaint that has not resulted in a conviction.  The appeal will be dismissed.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The respondent is a native and citizen of the Dominican Republic who was admitted to the United States in 2000 as a nonimmigrant visitor.  The Department of Homeland Security ("DHS") has charged the respondent with removability for remaining in this country longer than his period of authorized stay.

The respondent seeks release from the custody of the DHS during the pendency of removal proceedings.  Section 236 of the Immigration and

Nationality Act, 8 U.S.C. § 1226 (2000), provides general authority for the detention of aliens pending a decision on whether they should be removed from the United States. Except for certain criminal and terrorist aliens whose detention is mandatory under section 236(c)(1) of the Act, the statute provides authority for the Attorney General to release aliens on bond "with security approved by, and containing conditions prescribed by, the Attorney General." Section 236(a)(2)(A) of the Act. The Attorney General has delegated this authority to the Immigration Judges. 8 C.F.R. §§ 1003.19, 1236.1 (2006).

In the present matter, the respondent's custody determination is governed by the provisions of section 236(a) of the Act. An alien in a custody determination under that section must establish to the satisfaction of the Immigration Judge and this Board that he or she does not present a danger to persons or property, is not a threat to the national security, and does not pose a risk of flight. *See Matter of Adeniji*, 22 I&N Dec. 1102 (BIA 1999). An alien who presents a danger to persons or property should not be released during the pendency of removal proceedings. *See Matter of Drysdale*, 20 I&N Dec. 815 (BIA 1994).

The Immigration Judge concluded that the respondent poses a danger to persons in the community based on evidence in the record that the respondent is currently facing criminal charges for his involvement in an alleged controlled substance trafficking scheme. The record reflects that he has been charged with distribution and possession with intent to distribute a controlled substance, to wit, 5 kilograms and more of mixtures and substances containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(A) (2000). Specifically, the criminal complaint, which is signed by a Special Agent of the Drug Enforcement Administration ("DEA") and forms a part of the bond record, provides that a confidential informant, with whom the Special Agent has worked for over a year on numerous cases and who has provided reliable and accurate information in the past, informed the Special Agent that the respondent is a drug dealer.

According to the criminal complaint, on November 10, 2005, the respondent was observed during police surveillance traveling to the Bronx, New York, in a vehicle with another man named Vallejo. The car stopped and Vallejo's wife was observed getting into the vehicle. The complaint further states that the vehicle traveled to another location, where Vallejo exited the car. The respondent and Vallejo's wife drove to a gas station where they waited for 45 minutes before Vallejo arrived in a second vehicle. The complaint indicates that Vallejo got into the vehicle with the respondent, and Vallejo's wife moved into the second vehicle. Vallejo's wife drove the second vehicle to a store, where she was approached by law enforcement authorities and consented to a search of the vehicle. The complaint notes that the law enforcement authorities found six kilograms of cocaine in a bag in the vehicle. When the car containing the respondent and Vallejo was subsequently stopped

by law enforcement authorities, Vallejo admitted that it was his cocaine and that he and the respondent were supposed to sell the cocaine that evening at a location known by the respondent.

The Immigration Judge concluded that in light of the large quantity and dangerous nature of the drugs involved, the respondent poses a danger to the community if released from immigration custody. In particular, the Immigration Judge noted that the criminal complaint prepared by the DEA Special Agent is specific and detailed and that the respondent failed to present any evidence or argument that tended to undermine the reliability of the information contained in the complaint. The Immigration Judge also noted that if, after a full hearing, it is determined that there is "reason to believe" that the respondent is a person who has been involved in the trafficking of drugs, he will be inadmissible to the United States and thus may have an incentive to fail to appear for his Immigration Court hearings.

On appeal, the respondent argues that he has not been convicted of any drug trafficking crimes and that the Immigration Judge should not have found that he poses a threat to the community based on the information contained in a criminal complaint that has not resulted in a conviction. The respondent notes in his appeal brief that he has pled not guilty to the criminal charges and is awaiting trial.[1] The respondent was released from criminal custody on a $500,000 bond.

## II. ANALYSIS

An alien in removal proceedings has no constitutional right to release on bond. *See Carlson v. Landon*, 342 U.S. 524, 534 (1952). Rather, section 236(a) of the Act merely gives the Attorney General the authority to grant bond if he concludes, in the exercise of discretion, that the alien's release on bond is warranted. The courts have consistently recognized that the Attorney General has extremely broad discretion in deciding whether or not to release an alien on bond. *See, e.g.*, *Carlson v. Landon*, *supra*, at 540; *United States ex rel. Barbour v. District Director of INS*, 491 F.2d 573, 577-78 (5th Cir. 1974). Further, the Act does not limit the discretionary factors that may be considered by the Attorney General in determining whether to detain an alien pending a decision on asylum or removal. *See, e.g.*, *Carlson v. Landon*, *supra*, at 534 (holding that denial of bail to an alien is within the Attorney General's lawful discretion as long as it has a "'reasonable foundation'" (quoting *United States ex rel. Potash v. District Director*, 169 F.2d 747, 751 (2d Cir. 1948)); *United States ex rel. Barbour v. District Director of INS*, *supra*, at 577 (applying the "reasonable foundation" standard to find that

---

[1] The respondent has conceded removability, but he asserts that he is potentially eligible for relief by virtue of a Petition for Alien Relative (Form I-130) filed by his United States citizen wife.

denial of bond was warranted where the alien was a threat to national security); *see also Sam Andrews' Sons v. Mitchell*, 457 F.2d 745, 748 (9th Cir. 1972) (noting that the Attorney General's exercise of discretionary power to make rules to administer the Act must be upheld if the rules are founded "'on considerations rationally related to the statute he is administering'" (quoting *Fook Hong Mak v. INS*, 435 F.2d 728, 730 (2d Cir. 1970)).

The burden is on the alien to show to the satisfaction of the Immigration Judge that he or she merits release on bond. In general, an Immigration Judge must consider whether an alien who seeks a change in custody status is a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk. *Matter of Patel*, 15 I&N Dec. 666 (BIA 1976). Immigration Judges may look to a number of factors in determining whether an alien merits release from bond, as well as the amount of bond that is appropriate. These factors may include any or all of the following: (1) whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's employment history; (5) the alien's record of appearance in court; (6) the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee prosecution or otherwise escape from authorities; and (9) the alien's manner of entry to the United States. *Matter of Saelee*, 22 I&N Dec. 1258 (BIA 2000); *Matter of Drysdale*, *supra*, at 817; *Matter of Andrade*, 19 I&N Dec. 488 (BIA 1987).

An Immigration Judge has broad discretion in deciding the factors that he or she may consider in custody redeterminations. The Immigration Judge may choose to give greater weight to one factor over others, as long as the decision is reasonable. In the present matter, the Immigration Judge determined that evidence in the record of serious criminal activity, even if it had not resulted in a conviction, outweighed other factors, such that release on bond was not warranted.

In light of the broad discretion afforded under section 236(a) of the Act, we find no error in the Immigration Judge's consideration of the information regarding the respondent's alleged involvement in a drug trafficking scheme in determining whether the respondent poses a danger to the community. In the context of custody redeterminations, Immigration Judges are not limited to considering *only* criminal convictions in assessing whether an alien is a danger to the community.[2] Any evidence in the record that is probative and

---

[2] Bond proceedings are separate and apart from the removal hearing. 8 C.F.R. § 1003.19(d) (2006); *see also Matter of Chirinos*, 16 I&N Dec. 276 (BIA 1977). In the context of removal proceedings, a criminal conviction is usually required to prove removability based

(continued...)

specific can be considered. Therefore, although we recognize that the respondent has not been convicted of the offenses charged in the criminal complaint, we find that unfavorable evidence of his conduct, including evidence of criminal activity, is pertinent to the Immigration Judge's analysis regarding whether the respondent poses a danger to the community.[3]

We agree with the Immigration Judge that the respondent has failed to meet his burden of establishing that he warrants release on bond. As the Immigration Judge noted, the evidence of the respondent's alleged involvement in a drug trafficking scheme contained in the criminal complaint is specific and detailed. The complaint is signed by a DEA agent. It describes the source of the information that the respondent was involved in the sale of drugs. It sets forth the events leading to the respondent's arrest, including locations, alleged accomplices, and other details. For purposes of determining bond during the pendency of removal proceedings, this was sufficient for the Immigration Judge to conclude that the respondent poses a risk to others, even in the absence of a conviction. Moreover, the Immigration Judge's decision to give this evidence considerable weight above other factors, including the respondent's marriage to a United States citizen, was reasonable given the scope and seriousness of the alleged criminal activity.

In this regard, we note that we have long recognized the dangers associated with the sale and distribution of drugs. *See Matter of Melo*, 21 I&N Dec. 883, 886 (BIA 1997) (noting that the scourge on society of illegal drug trafficking and the associated criminal activity it generates is, at this point, beyond dispute). Inasmuch as the respondent has failed to establish that he does not present a danger to his community, we find that he should not be released from custody during the pendency of his removal proceedings. *See Matter of Drysdale*, *supra*. Accordingly, the appeal will be dismissed.

**ORDER:** The respondent's appeal is dismissed.

---

[2] (...continued)
on criminal grounds. Section 237(a)(2) of the Act, 8 U.S.C. § 1227(a)(2) (2000). No such requirement exists in bond proceedings.

[3] We have reached a similar conclusion in the context of determining an alien's eligibility for discretionary relief from removal. *See Matter of Thomas,* 21 I&N Dec. 20, 23-24 (BIA 1995) (considering convictions that were not final in determining whether the alien warranted a grant of voluntary departure in the exercise of discretion).