# Matter of Jose Alberto URENA, Respondent

File A087 052 221 - Newark, New Jersey

*Decided November 17, 2009*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1) Dangerous aliens are properly detained without bond pending the completion of proceedings to remove them from the United States.

(2) Only if an alien has established that he would not pose a danger to property or persons should an Immigration Judge decide the amount of bond necessary to ensure the alien's presence at proceedings to remove him from the United States.

(3) Where an Immigration Judge characterized an alien seeking release from custody as a "potential" danger to the community but ordered him released upon the posting of a bond amount, the record was remanded for the Immigration Judge to clarify whether the alien met his burden of proving that his release on bond would not pose a danger to property or persons.

FOR RESPONDENT: Pro se

BEFORE: Board Panel: PAULEY, ADKINS-BLANCH, and GUENDELSBERGER, Board Members.

ADKINS-BLANCH, Board Member:

The respondent has appealed from an Immigration Judge's June 15, 2009, order releasing him from custody upon the posting of a bond in the amount of $15,000. The record will be remanded to the Immigration Judge for further consideration.

The reasons for the Immigration Judge's custody order are set forth in a bond memorandum prepared on July 10, 2009. The Immigration Judge determined that the respondent presents a potential danger to the community based on his criminal history, which includes a conviction and several arrests for offenses with the potential for violent harm to persons. The statements presented by the respondent on appeal fail to establish that the Immigration Judge's conclusion is without a reasonable foundation. *See Matter of Guerra*, 24 I&N Dec. 37, 41 (BIA 2006) (stating that an Immigration Judge may properly consider any unfavorable evidence of an alien's conduct, including arrests that did not ultimately result in conviction). The arguments

140

and assertions of fact made by the respondent concerning the hardship of his detention are not relevant to the disposition of this matter.  We therefore find no error in the Immigration Judge's determination that the respondent presents a potential danger to the community.

However, we find it necessary to remand the record to the Immigration Judge for clarification of his finding that the respondent presents a "potential" danger.  Dangerous aliens are properly detained without bond.  *See Matter of Guerra*, 24 I&N Dec. at 38; *Matter of Adeniji*, 22 I&N Dec. 1102, 1113 (BIA 1999); *Matter of Drysdale*, 20 I&N Dec. 815, 817 (BIA 1994).  In this regard, dangerous aliens have no constitutional right to be at liberty in the United States pending the completion of proceedings to remove them from the country.  *See Carlson v. Landon*, 342 U.S. 524, 537-42 (1952).  An Immigration Judge should only set a bond if he first determines that the alien does not present a danger to the community.  *See Matter of Guerra*, 24 I&N Dec. at 38.  The alien bears the burden of proving that his release would not pose a danger to property or persons.  *See* 8 C.F.R. § 1236.1(c)(8) (2009); *see also Matter of Adeniji*, 22 I&N Dec. at 1113.  Only if an alien demonstrates that he does not pose a danger to the community should an Immigration Judge continue to a determination regarding the extent of flight risk posed by the alien.  *See Matter of Drysdale*, 20 I&N Dec. at 817-18.  In this regard, the setting of bond is designed to ensure an alien's presence at proceedings and is not properly utilized where an alien presents a danger to the community.  *Id.*

In this case, the Immigration Judge concluded that the respondent presented a "potential" danger to the community.  If the Immigration Judge intended to find that the respondent failed to meet his burden under 8 C.F.R. § 1236.1(c)(8) to show that his "release would not pose a danger to property or persons," then pursuant to our decisions in *Matter of Guerra*, *Matter of Adeniji*, and *Matter of Drysdale*, that determination would require the respondent to remain in custody without bond.  Conversely, if the Immigration Judge meant to find that despite the potential of danger, the respondent has met his burden of proving that his release would not pose a danger to property or persons, then it would be appropriate to consider the other factors in the case relevant to determining the amount of bond necessary to ensure the respondent's presence at further proceedings, including his criminal record as it relates to the likelihood that he will appear at future hearings.

Accordingly, we will remand the record for the Immigration Judge to clarify his determination that the respondent presents a potential danger to the community.  A precise finding whether the respondent has demonstrated that he would not pose a danger to property or persons is required, and if the respondent has failed to meet his burden of proof in that regard, then any release on bond is inappropriate.  Only if the respondent has established that

he would not pose a danger to property or persons should the Immigration Judge decide the amount of bond necessary to ensure the respondent's presence at proceedings to remove him from the United States.

**ORDER**:  The record is remanded to the Immigration Judge for further proceedings consistent with the foregoing opinion and for the entry of a new decision.