**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ARTURO ALEXANDER BARRIENTOS, | No. 15-35891 |
| Petitioner - Appellant, | D.C. No. 2:15-cv-00982-RSL |
| v. | |
| ICE FIELD OFFICE DIRECTOR, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, Senior District Judge, Presiding

Submitted June 14, 2016[**]

Before:     BEA, WATFORD, and FRIEDLAND, Circuit Judges.

Arturo Alexander Barrientos appeals pro se the district court's denial of his

petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging his

detention without release on bond pending the conclusion of his immigration

proceedings.  We have jurisdiction under 28 U.S.C. §§ 1291 and 2253(a).  We

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

review de novo the district court's denial of a petition for a writ of habeas corpus, *Singh v. Holder*, 638 F.3d 1196, 1202 (9th Cir. 2011), and we affirm.

The district court properly concluded that Barrientos' detention comports with applicable legal and constitutional requirements, where an immigration judge ("IJ") conducted a recorded, individualized bond hearing, in which the IJ required the Department of Homeland Security to prove by clear and convincing evidence that Barrientos was a danger to the community and a flight risk. *See Casas-Castrillon v. DHS*, 535 F.3d 942*,* 951 (9th Cir. 2008); *Singh*, 638 F.3d at 1203-09.

Barrientos contends that the decision to deny his release on bond was improper because it was based on criminal charges that are still pending. However, the IJ was permitted to consider such evidence in denying bond. *See Matter of Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006) ("In the context of custody redeterminations, Immigration Judges are not limited to considering *only* criminal convictions in assessing whether an alien is a danger to the community. Any evidence in the record that is probative and specific can be considered." (emphasis in the original)); *Singh v. Holder*, 638 F.3d at 1206 (applying analysis in *Guerra* to hearings held under *Casas-Castrillon* on related points of law).

Barrientos does not cite any authority in support of his suggestions that he is entitled to an additional bond review due to his continued detention. *See*

*Rodriguez v. Robbins*, 804 F.3d 1060, 1089 (9th Cir. 2015); *Rodriguez v. Robbins*, 715 F.3d 1127, 1134-36 (9th Cir. 2013).

Because Barrientos has failed to establish that he is entitled to habeas relief and we lack jurisdiction to set aside the agency's discretionary decision to deny bond, *see* 8 U.S.C. § 1226(e), we reject Barrientos' request that we order his release on bond.

**AFFIRMED.**