# Matter of Egidijus SINIAUSKAS, Respondent

*Decided February 2, 2018*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1) In deciding whether to set a bond, an Immigration Judge should consider the nature and circumstances of the alien's criminal activity, including any arrests and convictions, to determine if the alien is a danger to the community, but family and community ties generally do not mitigate an alien's dangerousness.

(2) Driving under the influence is a significant adverse consideration in determining whether an alien is a danger to the community in bond proceedings.

FOR RESPONDENT: Felix Velter, Esquire, Southampton, Pennsylvania

FOR THE DEPARTMENT OF HOMELAND SECURITY: Mary Ellen Withrow, Assistant Chief Counsel

BEFORE: Board Panel: MALPHRUS, MULLANE, and GREER, Board Members.

MALPHRUS, Board Member:

In a decision dated May 15, 2017, an Immigration Judge granted the respondent's request for a change in custody status and ordered him released on bond in the amount of $25,000. The Department of Homeland Security ("DHS") has appealed from that decision. The appeal will be sustained, and the respondent will be ordered detained without bond.

The respondent is a native and citizen of Lithuania. He entered the United States as a nonimmigrant visitor in 2000 and has admitted that he remained longer than permitted. The respondent is married to a lawful permanent resident, and he has a United States citizen daughter.

An alien in a custody determination under section 236(a) of the Immigration and Nationality Act, 8 U.S.C. § 1226(a) (2012), must establish to the satisfaction of the Immigration Judge and the Board that he or she does not present a danger to persons or property, is not a threat to the national security, and does not pose a risk of flight. *Matter of Fatahi*, 26 I&N Dec. 791, 793−94 (BIA 2016); *Matter of Adeniji*, 22 I&N Dec. 1102, 1112−13 (BIA 1999), *modified on other grounds*, *Matter of Garcia Arreola*, 25 I&N Dec. 267 (BIA 2010). "Dangerous aliens are properly detained without bond," so an "Immigration Judge should only set a bond if he first determines that the alien does not present a danger to the community." *Matter of Urena*,

25 I&N Dec. 140, 141 (BIA 2009). The purpose behind detaining criminal aliens is to ensure their appearance at removal proceedings and to prevent them from engaging in further criminal activity. *Matter of Kotliar*, 24 I&N Dec. 124, 127 (BIA 2007).

The DHS contends that the respondent did not meet his burden of establishing that he is not a danger to the community.[1] We agree. The record reflects that the respondent has three convictions for driving under the influence between 2006 and 2007, and he was arrested for a fourth offense in 2017. Two of his convictions, as well as the recent charge, involved accidents. Based on the most recent arrest, the respondent was taken into DHS custody.

The respondent argues that driving under the influence is not a crime of violence and that it has been 10 years since he was convicted of that offense. He presented evidence of treatment by a certified naturopathic physician and his active participation in Alcoholics Anonymous meetings, which the Immigration Judge found to be "active steps to address his obvious alcohol problem." The respondent argues that his recent arrest for driving under the influence is an aberration that involved mitigating circumstances because it occurred on the first anniversary of his mother's death.

"Drunk driving is an extremely dangerous crime." *Begay v. United States*, 553 U.S. 137, 141 (2008), *abrogated on other grounds*, *Johnson v. United States*, 135 S. Ct. 2551 (2015). It takes "a grisly toll on the Nation's roads, claiming thousands of lives, injuring many more victims, and inflicting billions of dollars in property damage every year." *Birchfield v. North Dakota*, 136 S. Ct. 2160, 2166 (2016). "[T]he very nature of the crime of [driving while intoxicated] presents a 'serious risk of physical injury' to others . . . ." *United States v. DeSantiago-Gonzalez*, 207 F.3d 261, 264 (5th Cir. 2000); *see also Marmolejo-Campos v. Holder*, 558 F.3d 903, 913 (9th Cir. 2009) (noting that "the dangers of drunk driving are well established").

In bond proceedings, it is proper for the Immigration Judge to consider not only the nature of a criminal offense but also the specific circumstances surrounding the alien's conduct. *See Matter of Guerra*, 24 I&N Dec. 37, 40 (BIA 2006) (stating that relevant factors in determining whether an alien should be released from immigration custody include how extensive, recent,

---

[1] The Immigration Judge initially found that the respondent was a danger to the community and denied bond on March 13, 2017. The DHS's appeal relates to a subsequent hearing on May 15, 2017, where the Immigration Judge accepted additional evidence and granted bond. Given our decision to sustain the appeal, we need not address whether the Immigration Judge erred in finding that changed circumstances warranted the subsequent bond redetermination hearing.

and serious the alien's criminal activity is). It is also proper to consider both arrests and convictions. *Id.* at 40−41.

Driving under the influence is a significant adverse consideration in bond proceedings. We recognize that the respondent's last conviction for driving under the influence occurred 10 years ago. However, his recent arrest for the same offense undercuts his argument that he has established rehabilitation and does not pose a danger to the community. The respondent does not dispute that he was recently arrested and that the charges are still pending. While we are sympathetic to the fact that the arrest occurred on the first anniversary of his mother's death, this possible reason for his transgression does not negate the dangerousness of his conduct.[2] The respondent asserts that he will not repeat his dangerous drinking and driving behavior, but his actions are a better indication of his future conduct than his assurances to the contrary. *See Matter of Roberts*, 20 I&N Dec. 294, 303 (BIA 1991) (noting that an alien's "assurances" alone are not sufficient to "show genuine rehabilitation").

The respondent has significant family ties, including his lawful permanent resident wife and a United States citizen daughter. His daughter has filed a visa petition on his behalf, which has been approved. He also has a fixed address and a long residence in the United States, although he has no legal status. Moreover, the respondent has a history of employment including owning a business, has support from his church, and has been involved in charitable activities. While these family and community ties may be significant to whether the respondent is a flight risk, he has not shown how they mitigate his dangerousness because of his drinking and driving.

In *Matter of Guerra*, 24 I&N Dec. at 40–41, we listed a variety of factors to consider in bond redeterminations, some of which generally relate to whether an alien is a flight risk, while others typically concern whether he is a danger to the community. An alien's family ties and his possible eligibility for discretionary relief based on those ties are proper considerations in deciding whether he is a flight risk. *See Matter of Andrade*, 19 I&N Dec. 488, 490 (BIA 1987) (stating that a respondent who is likely to be granted relief has a greater motivation to appear for removal than one who has less potential to obtain relief). Considerations such as a fixed address, a residence of long duration, a history of employment, and other community ties may similarly impact an alien's risk of flight. However, the respondent was not found to be a flight risk.

---

[2]   The respondent does not dispute that at the time of two of his convictions for driving under the influence, he was also convicted of driving without a license. These convictions are not undermined by the fact that he was ineligible for a Pennsylvania driver's license or that he may have a valid international driver's license from Lithuania.

The issue in this case is whether the respondent is a danger to the community, and family and community ties generally do not mitigate an alien's dangerousness. While there may be a situation where a family member's or other's influence over a young respondent's conduct could affect the likelihood that he would engage in future dangerous activity, this is not such a case. The respondent is an adult and has not shown how his family circumstances would mitigate his history of drinking and driving, except to explain that the most recent incident occurred on the anniversary of his mother's death. The factors that the respondent claims mitigate or negate his dangerousness existed prior to his most recent arrest, and they did not deter his conduct.

We recognize that the Immigration Judge set a significant bond of $25,000, which he said "reflects the seriousness with which this court views the respondent's repeated conduct." However, an Immigration Judge should only set a monetary bond if the respondent first establishes that he is not a danger to the community. *Matter of Urena*, 25 I&N Dec. at 141.

This is not a case involving a single conviction for driving under the influence from 10 years ago. The respondent has multiple convictions for driving under the influence from that period and a recent arrest for the same conduct, which undermines his claim that he has been rehabilitated. Under these circumstances, we are unpersuaded that the respondent has met his burden to show that that he is not a danger to the community. *See Matter of Fatahi*, 26 I&N Dec. at 793−94. We therefore conclude that he is not eligible for bond. Accordingly, the DHS's appeal will be sustained, the Immigration Judge's decision will be vacated, and the respondent will be ordered detained without bond.

**ORDER:** The appeal of the Department of Homeland Security is sustained and the Immigration Judge's May 15, 2017, decision is vacated.

**FURTHER ORDER:** The respondent is ordered detained without bond.