**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

JAN 15 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FAOUR ABDALLAH FRAIHAT, | No. 18-56075 |
| Petitioner-Appellant, | D.C. No. 5:17-cv-01370-VAP-KS |
| v. | |
| WILLIAM P. BARR, Attorney General; et al., | MEMORANDUM* |
| Respondents-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, District Judge, Presiding

Argued and Submitted November 13, 2019
Pasadena, California

Before: FERNANDEZ, M. SMITH, and MILLER, Circuit Judges.

Faour Abdallah Fraihat, a native and citizen of Jordan, challenges his

detention during the course of his removal proceedings. He seeks review of the

district court's denial of his petition for a writ of habeas corpus under 28 U.S.C.

§ 2241. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253. We affirm.

    1.    We first hold that the district court lacked jurisdiction to review the

---

    *    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

agency's denial of Fraihat's release on bond based on its determination that Fraihat is a danger to the community. *See* 8 U.S.C. § 1226(e); *Nielsen v. Preap*, 139 S. Ct. 954, 962 (2019).

In 2017, Fraihat received two bond hearings: a custody redetermination hearing, and, pertinent to this habeas petition, a hearing under *Rodriguez v. Robbins*, 804 F.3d 1060, 1074 (9th Cir. 2015), *rev'd sub nom. Jennings v. Rodriguez*, 138 S. Ct. 830 (2018), just after his detention reached six months. The immigration judge determined that Fraihat was a danger to the community and denied bond under *Matter of Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006). The Board of Immigration Appeals affirmed.

Section 1226(e) provides that "[t]he Attorney General's discretionary judgment regarding" detention of aliens pending removal proceedings "shall not be subject to review," and that "[n]o court may set aside" such a decision by the Attorney General "regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole." Fraihat argues that the agency's decision rested on a legally erroneous interpretation of his 2013 conviction and his criminal history, not on a discretionary judgment, and that it is therefore reviewable. *See Singh v. Holder*, 638 F.3d 1196, 1202 (9th Cir. 2011). But even if we were to agree that the agency somehow committed legal error in its evaluation of some of Fraihat's convictions, we would be unable to consider the seriousness of any error

2

without reweighing the evidence underlying the determination that Fraihat's conduct presents a danger to the community—a task we have no jurisdiction to perform. Nor does Fraihat raise a "mixed" question of law and fact that would permit us to consider the application of the law to "undisputed historical facts." *Ramadan v. Gonzales*, 479 F.3d 646, 654 (9th Cir. 2007) (per curiam). To the contrary, he challenges the agency's interpretation of his conviction record and asks that we find him not dangerous. That challenge is barred by Section 1226(e).

2. Section 1226(e) does not foreclose review of Fraihat's constitutional claims, *see Jennings v. Rodriguez*, 138 S. Ct. 830, 841 (2018), but those claims are unavailing. Fraihat argues that due process required the agency to consider the prolonged length of his detention, as well as the aggregate length of his detention, in making a bond determination. We disagree.

The district court correctly held that Fraihat received sufficient process in the form of "timely and regular bond hearings with appeal rights" before an immigration judge. Fraihat received two bond hearings, the second of which provided robust procedural protections given his status as a member of the *Rodriguez* class action. Fraihat had a meaningful opportunity to be heard on the issue relevant to his continued detention: danger to the community. *See Guerra*, 24 I. & N. Dec. at 40.

Fraihat has not demonstrated that the Constitution requires consideration of

3

the length of his detention in this context, or that the length of his detention is relevant to the agency's evaluation of his dangerousness. For example, he has not argued that due to his age, he is less dangerous than he was when he trafficked drugs in 2001. Similarly, he has not shown that due to his detention, he has recovered from his drug addiction—an addiction the immigration judge cited in denying bond. And although Fraihat's immigration detention has been prolonged, it has not been arbitrary or indefinite. To the contrary, it has been tied to his removal proceedings. *See Fraihat v. Barr*, 785 F. App'x 471, 472 (9th Cir. 2019) (dismissing in part and denying in part Fraihat's petition for review of his final order of removal).

3.      We recognize that the agency has not provided Fraihat with a bond hearing in more than two years, and that in June 2019, the immigration judge denied Fraihat's motion for custody redetermination under *Casas-Castrillon v. DHS*, 535 F.3d 942 (9th Cir. 2008). *See* 8 C.F.R. § 1003.19(e). But those circumstances were not before the district court when it ruled on Fraihat's habeas petition. To the extent the agency's June 2019 decision provides Fraihat a basis for any further claim—an issue we do not address—that claim would need to be raised in a new habeas petition.

We grant the government's motion for judicial notice, Dkt. No. 23, as well as Fraihat's motion for judicial notice, Dkt. No. 26. We also grant the motion for

4

leave to file a brief of amici curiae ACLU Foundation and ACLU Foundation of Southern California. Dkt. No 15.

**AFFIRMED**.