NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FEB 25 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LAM VI QUAN,

               Plaintiff-Appellant,

  v.

MERRICK B. GARLAND, Attorney
General; et al.,

               Defendants-Appellees.

No.   21-15416

D.C. No. 3:20-cv-08118-LB

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Laurel D. Beeler, Magistrate Judge, Presiding

Argued and Submitted January 12, 2022
Pasadena, California

Before:  BOGGS,[**] OWENS, and FRIEDLAND, Circuit Judges.

Lam Vi Quan appeals from the district court's order denying his 28 U.S.C.

§ 2241 petition for habeas corpus, which challenged his continued detention during

the pendency of his immigration removal proceedings.  We have jurisdiction under

---

      [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

      [**]     The Honorable Danny J. Boggs, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

28 U.S.C. §§ 1291 and 2253(a).  Reviewing the court's order de novo, *Singh v. Holder*, 638 F.3d 1196, 1202-03 (9th Cir. 2011), we affirm.

1.  As a preliminary matter, the parties dispute whether the district court applied the correct standard of review to the immigration judge's ("IJ's") conclusion that Quan was a danger to the community.  The district court stated that, in reviewing an IJ's bond determination, the court "may not second guess the IJ's weighing of the evidence" and that "its review is limited to whether the IJ's decision reflects clear legal error or is unsupported by sufficient evidence." (internal quotation marks and citation omitted).  Quan, however, argues that because his habeas petition raised claims of constitutional and legal error—namely, that the bond hearing violated his rights under the Due Process Clause and the Rehabilitation Act, 29 U.S.C. § 794(a)—the appropriate standard of review was de novo.

We agree with Quan that the district court should have reviewed de novo whether the government provided clear and convincing evidence that Quan was a danger to the community.  *Cf. United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985) (Kennedy, J.) (applying de novo review to mixed questions of law and fact raised in criminal, pre-trial bond determinations); *Singh*, 638 F.3d at 1202-03 (holding that the court of appeals reviews due process claims and questions of law raised in habeas petitions de novo).  Reviewing this question de novo

ourselves, we conclude that the government satisfied its burden of proof. *See Miranda v. City of Casa Grande*, 15 F.4th 1219, 1224 (9th Cir. 2021) ("We may affirm the district court on any ground supported in the record.").

Among the factors a court may consider in assessing whether a noncitizen detainee is a danger to the community is his "criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses." *Matter of Guerra*, 24 I. & N. Dec. 37, 40 (B.I.A. 2006). Here, Quan's criminal record is indeed extensive, including convictions for petty theft, driving without a license, and sex crimes with a minor (who later became his wife). Most recently, he was convicted and sentenced to eight years' imprisonment for throwing beer bottles at a police officer's head during an altercation at a family party. Quan has expressed no remorse for the latter crime and in fact denies having done anything wrong. Giving due consideration to Quan's cognitive disability, which impairs his ability to take responsibility for his actions and express regret, this record still constitutes clear and convincing evidence of present dangerousness to the community. The IJ did not err in denying bond.

2. Quan next offers various arguments that the district court itself committed due process violations in considering his challenge to the IJ's decision. Because we review the district court's determination de novo, our review focuses on whether the IJ erred, and we need not reach any of these arguments concerning

the district court's own review of the IJ's decision. *Cf. Ghanim v. Colvin*, 763 F.3d 1154, 1159 (9th Cir. 2014) ("We review the *district court's order* affirming the ALJ's denial of social security benefits de novo, and reverse only if *the ALJ's decision* was not supported by substantial evidence in the record as a whole or if *the ALJ* applied the wrong legal standard." (emphases added) (quoting *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012))).

3. Finally, Quan alleges that the immigration bond hearing violated his rights under § 504 of the Rehabilitation Act because the IJ's "method of administration" required him to testify in a manner he was unable to, given his disability. To state a claim under § 504, Quan must have been "denied the benefits of [a fair bond hearing] solely by reason of his disability." *Duvall v. County of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001). But Quan was not denied a fair bond hearing on May 8, 2020. He was provided the reasonable accommodation of appointed counsel. *See Mark H. v. Hamamoto*, 620 F.3d 1090, 1098 (9th Cir. 2010) (stating that "[a]n accommodation is reasonable if it is reasonable on its face, *i.e.*, ordinarily or in the run of cases" (internal quotation marks and citation omitted)); *see also Franco-Gonzales v. Holder*, 767 F. Supp. 2d 1034, 1056-58 (C.D. Cal. 2010) (concluding that the appointment of counsel is a reasonable accommodation for a mentally disabled noncitizen in an immigration proceeding). Neither Quan nor Quan's counsel requested any additional accommodations that

were denied him. And the IJ explicitly weighed and considered Quan's positive equities, including his cognitive disability, in the decision to deny bond. Thus, the district court did not err in dismissing Quan's § 504 claim.

**AFFIRMED.**