# Matter of Felipe CHOC-TUT, Respondent

*Decided by Board February 25, 2025*[1]

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

While an Immigration Judge may consider a State court's decision as to dangerousness and the amount of bail that was set in criminal proceedings, an Immigration Judge does not owe a State court custody order deference in immigration bond proceedings.

FOR THE RESPONDENT: Niki I. Saleh, Esquire, Chicago, Illinois

FOR THE DEPARTMENT OF HOMELAND SECURITY: Scott Jebson, Assistant Chief Counsel

BEFORE: Board Panel: MALPHRUS, Deputy Chief Appellate Immigration Judge, GOODWIN and CLARK, Appellate Immigration Judges.

GOODWIN, Appellate Immigration Judge:

The Department of Homeland Security ("DHS") appeals from the Immigration Judge's bond order dated July 23, 2024, granting the respondent's request for a change in custody status and releasing him from custody upon payment of a $4,000 bond. The Immigration Judge issued a bond memorandum explaining her bond decision on September 22, 2024. The respondent opposes DHS's appeal. The appeal will be sustained.

At the time of the Immigration Judge's custody determination, the respondent had multiple pending criminal charges. He was arrested on April 14, 2024, for having no driver's license or insurance after being involved in an accident. He was subsequently arrested on May 2, 2024, for driving without a license and careless driving. At the time of his arrest, he had a blood alcohol content of .201. Finally, he was arrested on May 20, 2024, for careless driving, driving under the influence of alcohol, open alcohol beverage container in a motor vehicle, and no driver's license. At the time of this arrest, he had a blood alcohol content of .214. The respondent

---

[1] Pursuant to Order No. 6254-2025, dated May 2, 2025, the Attorney General designated the Board's decision in *Matter of Choc-Tut* (BIA Feb. 25, 2025), as precedent in all proceedings involving the same issue or issues. *See* 8 C.F.R. § 1003.1(g)(3) (2025). Editorial changes have been made consistent with the designation of the case as a precedent.

invoked his Fifth Amendment right against self-incrimination regarding the pending charges, but counsel stated that the respondent began drinking after he lost contact with his son when his former partner became engaged to another man. The respondent testified that he did not intend to drink alcohol and drive in the future and that he would rely on his family for rides. On appeal, the respondent indicated that subsequent to the Immigration Judge's decision, he pleaded guilty to: (1) Operating a Motor Vehicle Under the Influence of Alcohol under section 189A.010(5A) of the Kentucky Revised Statutes and (2) one count of No Operators/Moped License under section 186.410(1) of the Kentucky Revised Statutes. The remaining charges were dismissed.

The Immigration Judge found the respondent credible and found that he established he was not a danger to the community or a flight risk based on his testimony and the documentation in the record. The Immigration Judge explained that following the respondent's third arrest, the criminal court set a $1,000 bail, which was later reduced to $500, and did not indicate that the respondent was a danger to the community, despite his two prior arrests in April and May 2024. The Immigration Judge stated that "[h]ad the state court found Respondent to be a danger to the community, [in light of] his two prior arrests in April and May 2024, the state court could have denied bail." On appeal, DHS argues that the Immigration Judge erred in concluding that the respondent met his burden of establishing that he does not present a danger to the community. We review the Immigration Judge's discretionary determination de novo. 8 C.F.R. § 1003.1(d)(3)(ii) (2025).

At a bond hearing conducted pursuant to section 236(a) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1226(a) (2018), the burden of proof is on the respondent to demonstrate "to the satisfaction" of the Immigration Judge and the Board that his "release would not pose a danger to property or persons," and that the respondent is likely to appear for any future proceeding. 8 C.F.R. § 1236.1(c)(8) (2025); *accord Matter of Adeniji*, 22 I&N Dec. 1102, 1112 (BIA 1999); *see also Matter of Urena*, 25 I&N Dec. 140, 141 (BIA 2009) ("Dangerous aliens are properly detained without bond."); *Matter of Guerra*, 24 I&N Dec. 37, 40 (BIA 2006). An Immigration Judge has broad discretion to consider any matter he or she deems relevant when determining whether an alien's release on bond is permissible or advisable. *See Matter of Guerra*, 24 I&N Dec. at 39. A custody redetermination that has a "reasonable foundation" will not be disturbed on appeal. *Id.* at 39–40. Section 236(a) of the INA, 8 U.S.C. § 1226(a), does not give detained aliens any right to release on bond. *Matter of D-J-*, 23 I&N Dec. 572, 575 (A.G. 2003). Rather, it "merely gives the [Immigration Judge] the authority to grant bond if he [or she] concludes,

in the exercise of broad discretion, that the alien's release on bond is warranted." *Id*. (emphasis omitted).

We reverse the Immigration Judge's determination that the respondent met his burden to show that he is not a danger to the community. Driving under the influence represents a grave danger to the community and is a significant adverse consideration in bond proceedings. *Matter of Siniauskas*, 27 I&N Dec. 207, 209 (BIA 2018); *see also Begay v. United States*, 553 U.S. 137, 141–42 (2008) (recognizing that "[d]runk driving is an extremely dangerous crime" which creates a serious potential risk of physical injury to others), *abrogated on other grounds*, *Johnson v. United States*, 576 U.S. 591 (2015).

The respondent's repeated arrests for traffic offenses while under the influence, including a second arrest just 18 days after his first arrest for similar behavior, indicates a strong disregard for public safety. *See Portillo-Rendon v. Holder*, 662 F.3d 815, 816 (7th Cir. 2011) (finding that the alien exhibited a "disdain for the rules that govern the use of automobiles" and that "[d]riving while intoxicated or without a license reflects both indifference to the welfare of other drivers and pedestrians and defiance of known legal obligations").

The Immigration Judge appears to have relied to a significant degree on the fact that the State court did not find the respondent to be a danger and ultimately set a low bond of $500. While an Immigration Judge may consider a State court's decision as to dangerousness and the amount of bail that was set in criminal proceedings, an Immigration Judge does not owe a State court custody order deference in immigration bond proceedings. The legal standards for bail in State court may be different than in Immigration Court and there may be a variety of reasons why an Immigration Judge may or should reach a different determination than a State court judge. It is for the Immigration Judge to make his or her own determination as to dangerousness under the custody redetermination provisions of the INA and applicable precedent. *See Matter of Panin*, 28 I&N Dec. 771, 773 (BIA 2024) ("[A] respondent's release from Federal pretrial criminal custody does not preclude an Immigration Judge from denying a respondent's request for release from immigration detention under section 236(a) of the INA, 8 U.S.C. § 1226(a).").

In this case, we do not agree with the Immigration Judge's bond determination. Considering the repeated and serious nature of the respondent's actions, including a driving under the influence arrest just 18 days after a prior arrest for similar behavior, we conclude that the

Immigration Judge's decision releasing the respondent on bond does not have a "reasonable foundation." *Matter of Guerra*, 24 I&N Dec. at 39–40; *see also Matter of Siniauskas*, 27 I&N Dec. at 208–10. Under these circumstances, we are unpersuaded that the respondent has met his burden to show that he is not a danger to the community. *See Matter of Guerra*, 24 I&N Dec. at 40. Therefore, his release on bond is not appropriate. *See Matter of Urena*, 25 I&N Dec. at 141 (holding that only if an alien has established that he would not pose a danger to property or persons should an Immigration Judge decide the amount of bond necessary to ensure the alien's presence at proceedings to remove him from the United States).

**ORDER:** DHS' appeal is sustained.

**FURTHER ORDER:** The Immigration Judge's custody redetermination is vacated, and the respondent is ordered detained without bond.