# Matter of Christofer Alejandro BELTRAND-RODRIGUEZ, Respondent

*Decided by Board March 27, 2025*[1]

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

The respondent's release on bond would pose a danger to the community based on his dangerous behavior that subjected a person who was particularly vulnerable because of her age and her familial relationship to the respondent to unlawful sexual conduct.

FOR THE RESPONDENT: Raquel G. Posada, Esquire, Montebello, California

FOR THE DEPARTMENT OF HOMELAND SECURITY: Christopher R. Brown, Assistant Chief Counsel

BEFORE: Board Panel: MALPHRUS, Deputy Chief Appellate Immigration Judge; PETTY and GOODWIN, Appellate Immigration Judges.

GOODWIN, Appellate Immigration Judge:

The Department of Homeland Security ("DHS") appeals from the Immigration Judge's September 6, 2022,[2] decision ordering the release of the respondent upon payment of a $10,000 bond and compliance with certain conditions.[3] The respondent has not filed a brief on appeal. We will sustain the appeal, vacate the September 6, 2022, bond order, and order the respondent detained in DHS' custody.

We will sustain DHS' appeal because, under our de novo review, the Immigration Judge erred in holding that DHS did not meet its burden of

---

[1] Pursuant to Order No. 6273-2025, dated May 23, 2025, the Attorney General designated the Board's decision in *Matter of Beltrand-Rodriguez* (BIA March 27, 2025), as precedent in all proceedings involving the same issue or issues. *See* 8 C.F.R. § 1003.1(g)(3) (2025). Editorial changes have been made consistent with the designation of the case as a precedent.

[2] On September 29, 2022, the Immigration Judge issued a written memorandum supporting the bond order.

[3] The Immigration Judge held the bond hearing under the authority of *Rodriguez v. Robbins*, 804 F.3d 1060, 1087, 1089 (9th Cir. 2015), *rev'd*, *Jennings v. Rodriguez*, 583 U.S. 281 (2018), which placed the burden on DHS to prove by clear and convincing evidence that an alien's continued detention is justified.

proving by clear and convincing evidence that the respondent's release would pose a danger to the community. *See* 8 C.F.R. § 1003.1(d)(3)(ii) (2025); *see also Matter of Guerra*, 24 I&N Dec. 37, 40 (BIA 2006) (stating that relevant factors in determining whether an alien should be released from immigration custody include how extensive, recent, and serious the alien's criminal activity is). Whether an alien poses a danger to the community upon release or is a flight risk are questions of judgment that we review de novo, but the factual findings underlying such judgments are reviewed for clear error. *See* 8 C.F.R. § 1003.1(d)(3)(i)–(ii) (2025).

We discern no clear error in the Immigration Judge's findings that on January 25, 2022, the respondent was convicted of lewd or lascivious acts with a minor under the age of 14 years, in violation of section 288(a) of the California Penal Code, for which he was sentenced to 365 days in county jail, and 4 years of formal probation. The Immigration Judge also found that the respondent was convicted of the offense of harmful matter sent to a minor, in violation of section 288.2(a)(2) of the California Penal Code, for which he received a suspended sentence of 4 years' probation. The Immigration Judge also found that the maximum combined sentence for both offenses is 11 years in prison.

We also discern no clear error in the Immigration Judge's finding that the respondent was ordered to register as a sex offender for a period of 10 years, complete a 52-week sex offender course, and stay away from the victim for a period of 10 years. We also discern no clear error in the Immigration Judge's finding that the convictions were based on conduct in which the respondent kissed his 12-year-old half-sister several times and sent her sexually explicit photographs of himself and videos of him engaging in sexual conduct.

The Immigration Judge also found that the record was devoid of any evidence that the respondent had a prior criminal history, or that he had engaged in any prior sexually deviant behavior. The Immigration Judge also found that DHS did not submit any evidence that the respondent was likely to violate the 10-year protective order issued by the criminal court.

The Immigration Judge's findings of fact are supported by the record and are not clearly erroneous. *See Brnovich v. Democratic Nat'l Comm.*, 594 U.S. 647, 687 (2021) (explaining that if the trier of fact's "view of the evidence is plausible in light of the entire record, an appellate court may not reverse even if it is convinced that it would have weighed the evidence differently in the first instance"); *Cooper v. Harris*, 581 U.S. 285, 309 (2017) (stating that under clear error review, reversal is appropriate only when "left

with the definite and firm conviction that a mistake has been committed" (citation omitted)).

Under our de novo review, however, we hold that the Immigration Judge erred in determining that the findings of fact did not support a determination that DHS met its burden of proving by clear and convincing evidence that the respondent is a danger. The respondent engaged in sexual conduct with a 12-year-old female who is also his half-sister. The respondent's behavior was dangerous and subjected a person who was particularly vulnerable because of her age and her familial relationship to the respondent to unlawful sexual conduct. *See McKune v. Lile*, 536 U.S. 24, 32 (2002) ("Sex offenders are a serious threat in this Nation."); *see also Matter of Guerra*, 24 I&N Dec. at 41 (holding that evidence of criminal activity is pertinent to whether the respondent poses a danger to the community). Thus, under our de novo review, we hold that DHS met its burden of proving by clear and convincing evidence that the respondent's release would pose a danger to the community, and the Immigration Judge erred in granting the respondent's release on bond. *See Matter of Urena*, 25 I&N Dec. 140, 141 (BIA 2009) ("Dangerous aliens are properly detained without bond."). Accordingly, the following orders will be issued.

**ORDER:** DHS' appeal is sustained.

**FURTHER ORDER:** The Immigration Judge's September 6, 2022, order granting the respondent's release on payment of a $10,000 bond and compliance with certain conditions is vacated.

**FURTHER ORDER:** The respondent is ordered held in DHS' custody without bond.