# Matter of Alessandro COTRUFO, Respondent

*Decided by Board August 28, 2025[1]*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

The respondent's recent convictions involving unlawful sexual conduct with a minor, combined with the probation officer's report submitted for the purpose of sentencing, show that the respondent is a danger to the community.

FOR THE RESPONDENT: Robert F. Jacobs, Esquire, Santa Fe Springs, California

FOR THE DEPARTMENT OF HOMELAND SECURITY: Saida K. Ulle, Assistant Chief Counsel

BEFORE: Board Panel: HUNSUCKER, Appellate Immigration Judges; GEMOETS and MCCLOSKEY, Temporary Appellate Immigration Judges.

HUNSUCKER, Appellate Immigration Judge:

The Department of Homeland Security ("DHS") appeals from the Immigration Judge's November 1, 2024, decision[2] ordering the respondent's release from custody on a bond of $6,500, and alternatives to detention at DHS' discretion. The respondent has filed a brief on appeal. We will sustain DHS' appeal, vacate the Immigration Judge's bond order, and order the respondent held in DHS' custody without bond.

We will sustain DHS' appeal because, under our de novo review, the Immigration Judge erred in holding that the respondent met his burden of proving that his release would not present a danger to the community. *See Matter of Guerra*, 24 I&N Dec. 37, 40 (BIA 2006) ("The burden is on the alien to show to the satisfaction of the Immigration Judge that he or she merits release on bond."). Whether an alien poses a danger to the community upon release is a question of judgment that we review de novo, but the factual

---

[1] Pursuant to Order No. 6419-2025, dated September 23, 2025, the Attorney General designated the Board's decision in *Matter of Cotrufo* (BIA Aug. 28, 2025), as precedent in all proceedings involving the same issue or issues. *See* 8 C.F.R. § 1003.1(g)(3) (2025). Editorial changes have been made consistent with the designation of the case as a precedent.

[2] On November 20, 2024, the Immigration Judge issued a written decision in support of the bond order.

findings underlying the judgment are reviewed for clear error.  8 C.F.R. § 1003.1(d)(3)(i)–(ii) (2025).

We discern no clear error in the Immigration Judge's findings that the respondent was recently convicted of one felony count of unlawful sexual intercourse with a minor, in violation of section 261.5(c) of the California Penal Code, and two counts of oral copulation (one felony and one misdemeanor) of a person under 18 years of age, in violation of section 287(b)(1) of the California Penal Code.  Section 261.5(c) provides as follows:

> A person who engages in an act of unlawful sexual intercourse with a minor who is more than three years younger than the perpetrator is guilty of either a misdemeanor or a felony, and shall be punished by imprisonment in a county jail not exceeding one year, or by imprisonment pursuant to subdivision (h) of Section 1170.

Cal. Penal Code § 261.5(c) (West 2024).  Section 287(b)(1) provides as follows:

> Except as provided in Section 288, any person who participates in an act of oral copulation with another person who is under 18 years of age shall be punished by imprisonment in the state prison, or in a county jail for a period of not more than one year.

Cal. Penal Code § 287(b)(1) (West 2024).

We also discern no clear error in the Immigration Judge's findings that the State court sentenced the respondent to 180 days in jail, 24 months of probation, and restitution for the convictions.  We also discern no clear error in the Immigration Judge's finding that it is undisputed that when the respondent was 18 years old, he engaged in sexual intercourse and oral copulation with a 14-year-old female, who initially told him that she was 16 years of age.  The Immigration Judge also correctly found that the respondent has no other conviction and successfully completed his sentence.

We also discern no clear error in the Immigration Judge's findings that the probation officer, who prepared a report dated July 26, 2024, for the State court conducted two objective tests, the Ohio Risk Assessment and the Static 99, which indicated that the respondent is at a low or average risk of reoffending.  The record also reflects, however, that the probation officer's report characterized the respondent's conduct as manipulative of a "particularly vulnerable" 14-year-old girl, that the respondent displayed "criminal sophistication or professionalism" in that he was aware of the girl's past sexual abuse trauma and used it to satisfy his own sexual gratification,

and that the respondent had caused physical or emotional injury and did not appear to be remorseful.

The Immigration Judge's decision to limit his review to only the "undisputed facts and objective data" in the probation officer's report, on the grounds that the declarants were not available for cross-examination, was unreasonable.  *See Matter of Guerra*, 24 I&N Dec. at 40 (holding that "[a]n Immigration Judge has broad discretion in deciding the factors that he or she may consider in custody redeterminations" and that "[t]he Immigration Judge may choose to give greater weight to one factor over others, as long as the decision is reasonable").  "In the context of custody redeterminations, Immigration Judges are not limited to considering *only* criminal convictions in assessing whether an alien is a danger to the community." *Id.* at 40.  "Any evidence in the record that is probative and specific [including evidence of criminal activity] can be considered."  *Id*. at 40–41.  The probation officer's report is based on the officer's assessment of the record evidence and interviews with witnesses, was provided to the State court for its consideration in sentencing the respondent for the convicted offenses, and is relevant to whether he poses a danger if released to the community.

Further, while the respondent objected to the Immigration Judge's consideration of the probation officer's report on the grounds that it contains hearsay, "it is well settled that hearsay rules are not binding in immigration proceedings," and "[i]n immigration proceedings, the 'sole test for admission of evidence is whether the evidence is probative and its admission is fundamentally fair.'"  *See Matter of E-F-N-*, 28 I&N Dec. 591, 593 (BIA 2022) (citations omitted).  The probation officer's report is probative of the circumstances of the respondent's criminal conduct, and the admission of the report was fundamentally fair, as the respondent, the party with the burden of proof in these bond proceedings, had the opportunity to present evidence contradicting the statements in the probation officer's report.  In fact, on appeal, the respondent does not object to inclusion of the probation officer's report in the record, and instead cites to it in support of his claim that he is not a danger because the State court's sentence, including the State court's decision not to require the respondent to register as a sex offender, was based in part on the probation officer's report.

Under our de novo review, we conclude that the Immigration Judge erred in holding that the respondent met his burden of proving that he is not a danger.  *See* 8 C.F.R. § 1003.1(d)(3)(ii).  The respondent was recently convicted of two felonies and a misdemeanor involving unlawful sexual intercourse and oral copulation with a 14-year-old girl when the respondent was 18 years old.  While the respondent initially thought the female was

16 years old, he subsequently learned that she was 14 years old, and yet he continued to engage in unlawful sexual relations with her. The respondent intentionally engaged in unlawful sexual behavior with a girl who, due to her young age, and the fact that she had experienced prior sexual abuse, was especially vulnerable to the respondent's unlawful sexual behavior. The respondent's behavior reflects a willingness and ability to manipulate vulnerable persons into engaging in unlawful conduct to meet his own desires and to do so at great harm to them.

Thus, the respondent has not met his burden of proving that his release would not pose a danger to the community. *See Matter of Beltrand-Rodriguez*, 29 I&N Dec. 76, 78 (BIA 2025) (holding that DHS met its burden of proving dangerousness by clear and convincing evidence because the alien engaged in sexual conduct with a 12-year-old female who was also his half-sister, and thus his behavior was "dangerous and subjected a person who was particularly vulnerable because of her age and her familial relationship to the respondent to unlawful sexual conduct."); *see also McKune v. Lile*, 536 U.S. 24, 32 (2002) (noting that "[s]ex offenders are a serious threat in this Nation"); *Gonzalez-Cervantes v. Holder*, 709 F.3d 1265, 1270 (9th Cir. 2013) ("Sexual abuse . . . is universally condemned by Americans of conscience, not merely because it is wrong but because its evil tendrils are detrimental to society." (omission in original) (citation omitted)); *Matter of Guerra*, 24 I&N Dec. at 41 (noting that evidence of criminal activity is pertinent to whether the respondent poses a danger to the community).

Moreover, while the Ohio Risk Assessment indicated that the respondent is at a low risk of reoffending, the Static 99 indicated that the respondent had an average risk of reoffending, which further supports a determination that the respondent did not meet his burden of proving that his release would not pose a danger to the community. Further, while the State court did not require the respondent to register as a sex offender, the State court convicted the respondent of two felonies and a misdemeanor involving unlawful sexual conduct with a minor and sentenced him to 180 days in jail for the offenses.

The respondent argues that the State court's willingness to accept a plea deal negotiated between the State and the respondent's criminal counsel, and the State court's imposition of a sentence which, among other things, did not require the respondent to register as a sex offender, supports a determination that he is not a danger to the community. On the contrary, the Immigration Judge and the Board do not owe deference to any particular aspect of the State court's sentencing order in these immigration bond proceedings, including the State court's decision against requiring the respondent to

register as a sex offender. *See Matter of Choc-Tut*, 29 I&N Dec. 48, 50 (BIA 2025) (noting that Immigration Judges "do[] not owe a State court custody order deference . . . [because] [t]he legal standards for bail in State court may be different than in Immigration Court and there may be a variety of reasons why an Immigration Judge may or should reach a different determination than a State court judge").

The respondent also cites to positive equities in the record, including his contributions to the community, as evidence demonstrating that he is not a danger. The respondent's argument is unavailing because "family and community ties generally do not mitigate an alien's dangerousness." *Matter of Siniauskas*, 27 I&N Dec. 207, 210 (BIA 2018).

Under our de novo review, we hold that the respondent did not meet his burden of proving that his release would not pose a danger to the community, and the Immigration Judge erred in granting the respondent's release on bond. *See Matter of Urena*, 25 I&N Dec. 140, 141 (BIA 2009) ("Dangerous aliens are properly detained without bond."). Accordingly, the following orders will be entered.

**ORDER:** DHS' appeal is sustained.

**FURTHER ORDER:** The Immigration Judge's November 1, 2024, bond order is vacated, and the respondent is ordered held in DHS' custody without bond.