# Matter of Manuel Dejesus MARTINEZ-RODRIGUEZ, Respondent

*Decided by Board April 29, 2026[1]*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

The respondent's conviction for false imprisonment and his arrest on other charges demonstrate that he is a danger to the community and does not warrant release on bond.

FOR THE RESPONDENT:  Philip J. Hunter, Esquire, Baton Rouge, LA

FOR THE DEPARTMENT OF HOMELAND SECURITY:  Luke Oberhansley, Counsel

BEFORE:  Board Panel:  RADICS, Deputy Chief Appellate Immigration Judge; OWEN and GALLOW, Appellate Immigration Judges.

GALLOW, Appellate Immigration Judge:

The Department of Homeland Security ("DHS") appeals the order of the Immigration Judge, dated February 17, 2026, ordering the respondent's release from detention upon the posting of a bond in the amount of $15,000. The Immigration Judge, on March 11, 2026, issued a memorandum setting forth the reasons for the decision.  We will sustain the appeal and vacate the Immigration Judge's bond decision.

It is the respondent's burden to demonstrate that he does not pose any danger to the community.  *See Matter of Choc-Tut*, 29 I&N Dec. 48, 49 (BIA 2025); *Matter of Siniauskas*, 27 I&N Dec. 207, 207–09 (BIA 2018); *Matter of Guerra*, 24 I&N Dec. 37, 40 (BIA 2006) (holding that "the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses" is relevant to a determination of whether the alien merits release on bond).  Whether an alien poses a danger to the community is a question of judgment that we review de novo, but the factual findings underlying such a judgment are reviewed for clear error.

---

[1]  Pursuant to Order No. 6873-2026, dated May 26, 2026, the Acting Attorney General designated the Board's decision in *Matter of Martinez-Rodriguez* (BIA Apr. 29, 2026), as precedent in all proceedings involving the same issue or issues.  *See* 8 C.F.R. § 1003.1(g)(3) (2026).  Editorial changes have been made consistent with the designation of the case as a precedent.

8 C.F.R. § 1003.1(d)(3)(i)-(ii) (2026); *Matter of Beltrand-Rodriguez*, 29 I&N Dec. 76, 77 (BIA 2025).

Upon our de novo review, we conclude that the Immigration Judge erred in determining that the respondent met his burden to show he is not a danger to the community. The respondent was arrested in Knox County, Tennessee, on April 25, 2019, for vandalism, domestic violence, and aggravated burglary charges. He pled guilty to a single offense of false imprisonment on August 11, 2021, and was sentenced to 348 days in state custody.

While we acknowledge the Immigration Judge's findings, we conclude that, considering the nature and seriousness of the respondent's criminal history, the respondent did not meet his burden of establishing by clear and convincing evidence that he is not a danger to the community. *See Matter of Guerra*, 24 I&N Dec. at 39–40 (holding that Immigration Judges have broad discretion in deciding the factors to consider in custody redeterminations and are not limited to considering only criminal convictions in assessing whether an alien is a danger to the community); *Matter of Thomas,* 21 I&N Dec. 23 (BIA 1995) (observing that evidence of unfavorable conduct, including criminal conduct which has not culminated in a final conviction, may be considered in discretionary determinations); *see also Matter of V-A-K-*, 28 I&N Dec. 630, 636 (BIA 2022) (noting that generic burglary is an inherently dangerous crime because it "creates the possibility of a violent confrontation between the offender and an occupant, caretaker, or some other person who comes to investigate") (citation omitted).

Thus, we conclude that the respondent has not met his burden to show that he would not pose a danger to the community and is therefore ineligible for bond. The finding of future dangerousness in bond proceedings is legally dispositive of the respondent's eligibility for release. *Matter of Urena*, 25 I&N Dec. 140, 141 (BIA 2009); *Matter of Drysdale*, 20 I&N Dec. 815, 817 (BIA 1994) ("[I]f the alien cannot demonstrate that he is not a danger to the community upon consideration of the relevant factors, he should be detained in the custody of the Service."). Hence, we need not reach DHS' argument that the respondent should be denied bond as a flight risk. *Matter of Urena*, 25 I&N Dec. at 141 ("Only if an alien demonstrates that he does not pose a danger to the community should an Immigration Judge continue to a determination regarding the extent of flight risk posed by the alien.").

**ORDER:** DHS' appeal is sustained.

**FURTHER ORDER:** The Immigration Judge's decision is vacated, and the respondent is ordered detained without bond.