OPINION OF THE COURT
Rena K. Uviller, J.
Defendant has been indicted for second degree burglary, criminal contempt, and related crimes. He has moved for inspection of the Grand Jury minutes and for dismissal of the indictment.
Upon inspection of the minutes, I find that the prosecutor’s instructions regarding burglary were erroneous, and require dismissal of that count.
There was evidence before the Grand Jury that- on July 12, 1998, defendant was served in Criminal Court with an order of *954 protection, directing him to remain away from his wife, Quen Cam, and, inter alia, from the home he had previously shared with her, and to refrain from assaulting, menacing, intimidating, harassing, or engaging in any other criminal conduct toward her. There was also evidence that on July 18th defendant entered Ms. Cam’s apartment and harassed and attempted to assault her in violation of the order of protection. (No burglary charge concerning those events was submitted to the Grand Jury.)
There was further evidence that the next day, July 19th, defendant forced his way into the apartment by pushing aside a barricade Ms. Cam had placed against the door, and that after gaining entry he pulled out a telephone cord, thereby alarming her. It was adduced that he left the apartment when ordered to do so by his adult son.
Instructing the Grand Jury as to the burglary charge, the prosecutor first read the statutory definition of second degree burglary, which in relevant portion contains two distinct elements: first, knowingly entering or remaining unlawfully in a dwelling; and second, an intent, at the time of the unlawful entry or remaining, to commit a crime within the premises. The prosecutor then elaborated that in this case it was the People’s theory that the entry was unlawful because it was in violation of the order of protection. He also specified that the crime that defendant intended to commit within the premises was “to remain in the location.” (Transcript, at 56.)
The prosecutor properly instructed that the element of unlawful entry could be established by defendant entering the apartment in violation of the order of protection. I find that there was sufficient evidence to support that element.
The prosecutor erred, however, regarding the second element. It is well established that in order to sustain a burglary charge, the People are not required to specify which crime the defendant intended within the premises, or that the intended crime was ever, in fact, committed. (People v Mahboubian, 74 NY2d 174; People v Mackey, 49 NY2d 274.) However, the fact finder, whether Grand Jury or petit jury, is free to infer such an intention from the circumstances of the impermissible entry. (People v Mahboubian, supra, at 193, n 4; People v Gilligan, 42 NY2d 969.)
In this case, evidence that defendant forced his way through the barricaded door and ripped out the phone cord, would have permitted an inference that he intended to commit some crime within the apartment; the Grand Jury was not obliged to *955 determine which specific crime he intended. Thus, had the prosecutor limited his instruction to a reading of the statute, there would have been sufficient evidence to sustain the burglary count.
The prosecutor, however, unnecessarily went on to specify the crime the defendant intended to commit within the premises. And when he instructed that the specific intended crime was to remain in the. premises without lawful permission, he created an impermissible elision between the two distinct and separate elements of burglary. (See, People v Hutchinson, 124 Misc 2d 487.) Such an elision effectively eliminated the second element of burglary, to wit, the intent to commit a crime within the premises which is separate and distinct from the act of unlawfully entering or remaining. The prosecutor’s interpretation of the statute would convert every criminal trespass into a burglary.
The prosecutor compounded the error in responding to a grand juror who inquired whether a burglary is established by “just a matter of entering unlawfully, if you will.” (Transcript, at 58.) When the prosecutor answered affirmatively, he erroneously instructed that there was no need to find an intent to commit a crime separate and apart from entering or remaining without lawful permission.
Accordingly, count one is dismissed, with leave to re-present to a new Grand Jury.