16-634-cr
*United States v. Makropoulos*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of June, two thousand seventeen.

PRESENT:  JOSÉ A. CABRANES,
              GERARD E. LYNCH,
                    *Circuit Judges*,
              PAUL G. GARDEPHE,
                    *District Judge.*[*]

---

UNITED STATES OF AMERICA,

          *Appellee*,                          16-634-cr

          v.

JOHN MAKROPOULOS,

          *Defendant-Appellant.*

---

**FOR DEFENDANT-APPELLANT:**        GEORGIA J. HINDE, New York, NY.

**FOR APPELLEE:**        RYAN C. HARRIS (Susan Corkery, *on the brief*), Assistant United States Attorneys, *for* Bridget M. Rohde, Acting United

---

[*] Judge Paul G. Gardephe, of the United States District Court for the Southern District of New York, sitting by designation.

States Attorney for the Eastern District of
New York, Brooklyn, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New
York (Dora L. Irizarry, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED,
ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is
**AFFIRMED**.

Defendant-appellant John Makropoulos appeals from a judgment of conviction entered on
March 2, 2016. Makropoulos was charged with one count of illegal reentry, in violation of 8 U.S.C.
§§ 1326(a) and 1326(b)(2). Makropoulos pleaded guilty pursuant to a plea agreement on October 10,
2014. The plea agreement anticipated a U.S. Sentencing Guidelines range of 30 to 37 months'
imprisonment, based on an adjusted offense level of 13 and a Criminal History Category of V. The
plea agreement also assumed that Makropoulos's prior conviction for burglary in the second degree
in violation of New York Penal Law § 140.25 (the "Burglary Conviction") was an aggravated felony,
resulting in an eight-level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(C) (2015). In contrast to
the plea agreement, however, Makropoulos's Presentence Investigation Report ("PSR") calculated
his adjusted offense level to be 21, resulting in a Guidelines range of 70 to 87 months'
imprisonment. While the plea agreement assumed the Burglary Conviction was an aggravated felony,
the PSR classified it as a crime of violence, which carried a sixteen-level enhancement pursuant to
U.S.S.G. § 2L1.2(b)(1)(A)(ii) (2015).

At Makropoulos's sentencing hearing on December 11, 2015, the District Court adopted the
PSR's Guideline calculation, noting that both parties agreed with the PSR calculation and the
categorization of the Burglary Conviction as a crime of violence. The Government nonetheless
recommended a below-Guidelines sentence of 30 to 37 months in accordance with the plea
agreement. The District Court ultimately imposed a sentence of 70 months' imprisonment. On
appeal, Makropoulos argues that the District Court erred both procedurally and substantively in its
sentence. We assume the parties' familiarity with the underlying facts, the procedural history of the
case, and the issues on appeal.

There are two components to our review of sentences: procedural and substantive. *United
States v. Bonilla*, 618 F.3d 102, 108 (2d Cir. 2010). A district court commits procedural error "where it
fails to calculate the Guidelines range," "makes a mistake in its Guidelines calculation, or treats the
Guidelines as mandatory," "does not consider the § 3553(a) factors," "rests its sentence on a clearly
erroneous finding of fact," or "fails adequately to explain its chosen sentence." *United States v. Cavera*,
550 F.3d 180, 190 (2d Cir. 2008) (en banc). A sentence is substantively unreasonable "only if it
cannot be located within the range of permissible decisions." *Bonilla*, 618 F.3d at 108 (internal
quotation marks omitted). We review unpreserved procedural challenges to sentences for plain error,

2

*United States v. Villafuerte*, 502 F.3d 204, 207–08 (2d Cir. 2007), and challenges to the substantive reasonableness of a sentence for abuse of discretion, *Gall v. United States*, 552 U.S. 38, 52 (2007).

A.

Makropoulos first argues that the District Court plainly erred by adopting the Sentencing Guidelines calculation contained in the PSR that categorized the Burglary Conviction as a "crime of violence." At the time of Makropoulos's sentencing, U.S.S.G. § 2L1.2(b)(1)(A)(ii) provided for a sixteen-level enhancement in the calculation of a defendant's total offense level if the defendant was deported after a conviction for a felony that is a "crime of violence." U.S.S.G. § 2L1.2(b)(1)(A)(ii) (2015). At that time, the commentary to § 2L1.2 provided that the term "crime of violence" included "burglary of a dwelling."[1] U.S.S.G. § 2L1.2 cmt. n.1(B)(iii) (2015).

There is no dispute here that New York Penal Law § 140.25 is a "divisible" statute that "contains disjunctive elements," only one of which constitutes a "crime of violence." *United States v. Beardsley*, 691 F.3d 252, 274 (2d Cir. 2012) (internal quotation marks omitted). Therefore, to determine whether Makropoulos's Burglary Conviction was a crime of violence under the Sentencing Guidelines, we apply "the modified categorical approach . . . to 'determine which statutory phrase was the basis for the conviction' by consulting *Shepard*-approved documents." *Id.* (quoting *Johnson v. United States*, 130 S. Ct. 1265, 1273 (2010)). Specifically, pursuant to the Supreme Court's decision in *Shepard v. United States*, a sentencing court must limit itself "to examining the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." 544 U.S. 13, 16 (2005). Of relevance here, in *United States v. Reyes*, we held that "a sentencing court may not rely on a PSR's description of a defendant's pre-arrest conduct that resulted in a prior conviction to determine that the prior offense constitutes a 'crime of violence' . . . even where the defendant does not object to the PSR's description." 691 F.3d 453, 459 (2d Cir. 2012).

The procedural argument raised by Makropoulos is that the District Court erred by relying on the PSR's description of the Burglary Conviction to determine that the conviction was a crime of violence. Unlike in *Reyes*, however, Makropoulos's PSR noted that its description of the Burglary Conviction was verified by a New York State Certificate of Disposition—a document that a district court may examine under *Shepard*. *See United States v. Green*, 480 F.3d 627, 632–33 (2d Cir. 2007).

"We typically do not find plain error where the operative legal question is unsettled, including where there is no binding precedent from the Supreme Court or this Court." *United States*

---

[1] New York Penal Law § 140.25 provides, *inter alia*, that "[a] person is guilty of burglary in the second degree when he knowingly enters or remains unlawfully in a building with intent to commit a crime therein, and when . . . [t]he building is a dwelling."

*v. Bastian*, 770 F.3d 212, 220 (2d Cir. 2014) (internal quotation marks omitted). In *United States v. Dantzler*, we expressly reserved judgment on the question of whether a district court's reliance on a PSR's description of a prior conviction is permissible for purposes of determining the applicability of a sentencing enhancement where the PSR references *Shepard*-approved documents. 771 F.3d 137, 147 (2d Cir. 2014). Given that the operative procedural question raised by Makropoulos remains unsettled, the District Court did not plainly err by relying on a PSR description derived from *Shepard*-approved documents to determine that the Burglary Conviction was a crime of violence.

B.

Makropoulos also asserts that the District Court's sentence of 70 months' imprisonment is substantively unreasonable. We disagree. Makropoulos's sentence was at the bottom of his recommended Guidelines range, and we have recognized that "in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *United States v. Ryan*, 806 F.3d 691, 695 (2d Cir. 2015) (internal quotation marks omitted). Though we acknowledge that the United States Sentencing Commission has subsequently amended the Sentencing Guidelines to remove "burglary of a dwelling" from the list of offenses that qualify as crimes of violence, U.S.S.G. § 2L1.2 cmt. n.2 (2016), sentencing courts are required to consider the Guidelines that "are in effect on the date the defendant is sentenced." 18 U.S.C. § 3553(a)(4)(ii).

**CONCLUSION**

We have reviewed all of the arguments raised by Markopoulos on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the March 2, 2016 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4