# Matter of V-A-K-, Respondent

*Decided August 17, 2022*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

A conviction for second degree burglary of a dwelling under section 140.25(2) of the New York Penal Law is categorically a conviction for generic burglary under section 101(a)(43)(G) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101(a)(43)(G) (2018), because the statute requires burglary of a structure or vehicle that has been adapted or is customarily used for overnight accommodation. *United States v. Stitt*, 139 S. Ct. 399 (2018), *followed*.

FOR THE RESPONDENT: Anne E. Doebler, Esquire, Buffalo, New York

FOR THE DEPARTMENT OF HOMELAND SECURITY: Sydney V. Probst, Assistant Chief Counsel

BEFORE: Board Panel: WILSON, GOODWIN, and GORMAN, Appellate Immigration Judges.

GOODWIN, Appellate Immigration Judge:

In a decision dated February 11, 2020, an Immigration Judge found that the respondent was not removable as charged under section 237(a)(2)(A)(iii) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1227(a)(2)(A)(iii) (2018), for having been convicted of an attempted aggravated felony burglary offense under sections 101(a)(43)(G) and 101(a)(43)(U) of the INA, 8 U.S.C. § 1101(a)(43)(G) and (U) (2018), and granted his application for cancellation of removal for certain permanent residents under section 240A(a) of the INA, 8 U.S.C. § 1229b(a) (2018).[1] The Department of Homeland Security ("DHS") has appealed from this decision.[2] The respondent has filed a brief in opposition to DHS' appeal.

---

[1] The Immigration Judge also determined that the respondent was removable for having been convicted of two or more crimes involving moral turpitude under section 237(a)(2)(A)(ii) of the INA, 8 U.S.C. § 1227(a)(2)(A)(ii). The respondent has not challenged that finding, and thus the issue is not before us.

[2] The Immigration Judge also determined that the respondent was not removable for having been convicted of an aggravated felony crime of violence under sections 101(a)(43)(F) and 237(a)(2)(A)(iii) of the INA, 8 U.S.C. §§ 1101(a)(43)(F) and 1227(a)(2)(A)(iii). DHS has not meaningfully challenged that finding and thus appeal of that issue is waived. *See, e.g.*, *Matter of D-G-C-*, 28 I&N Dec. 297, 297 n.1 (BIA 2021).

The appeal will be sustained, and the respondent will be ordered removed from the United States.

## I. FACTUAL AND PROCEDURAL HISTORY

The respondent is a native and citizen of Ukraine[3] who is a lawful permanent resident of the United States. On February 10, 2017, the respondent was convicted of attempted burglary in the second degree in violation of sections 110.00 and 140.25(2) of the New York Penal Law and was sentenced to 2 years in prison.

He was placed in proceedings, and the Immigration Judge found him to be removable and granted his application for cancellation of removal for certain permanent residents pursuant to section 240A(a) of the INA, 8 U.S.C. § 1229b(a). As the respondent's removability has been established, it is the respondent's burden to establish eligibility for his requested relief. INA § 240(c)(4)(A)(i), 8 U.S.C. § 1229a(c)(4)(A)(i) (2018). An applicant who has been convicted of an aggravated felony cannot establish eligibility for cancellation of removal. INA § 240A(a)(3), 8 U.S.C. § 1229b(a)(3).

On appeal, DHS argues the respondent has not established his eligibility for cancellation of removal because his conviction for attempted burglary in the second degree under sections 110.00 and 140.25(2) of the New York Penal Law is categorically a conviction for attempted aggravated felony burglary. Whether a State burglary offense is an aggravated felony is a question of law that we review de novo. 8 C.F.R. § 1003.1(d)(3)(ii) (2021).

## II. ANALYSIS

Section 101(a)(43)(U) of the INA, 8 U.S.C. § 1101(a)(43)(U), defines an aggravated felony as "an attempt or conspiracy to commit an offense described in" section 101(a)(43).[4] Section 101(a)(43)(G) of the INA,

---

[3]  We acknowledge the ongoing conflict between Russia and Ukraine. The respondent withdrew his application for withholding of removal and for protection under the regulations implementing the Convention Against Torture before the Immigration Judge. He has not challenged this withdrawal on appeal, nor sought to reopen this application. Although Temporary Protected Status has been designated for Ukraine, the respondent's criminal record makes him ineligible for such status. Designation of Ukraine for Temporary Protected Status, 87 Fed. Reg. 23,211, 23,211 (Apr. 19, 2022); *see also* INA § 244(c)(2)(B)(i), 8 U.S.C. § 1254a(c)(2)(B)(i) (2018) (stating that an applicant is ineligible for Temporary Protected Status if he or she "has been convicted of any felony or two or more misdemeanors").

[4]  For purposes of establishing his eligibility for cancellation of removal, the respondent did not argue below, nor does he argue on appeal that "attempt" under New York law is broader than the generic definition of attempt in section 101(a)(43)(U) of the

8 U.S.C. § 1101(a)(43)(G), in turn, defines an aggravated felony as "a theft offense (including receipt of stolen property) or burglary offense for which the term of imprisonment [is] at least one year." To determine whether burglary in the second degree under section 140.25(2) of the New York Penal Law defines an aggravated felony burglary offense, we employ the categorical approach, which requires us to disregard the respondent's actual conduct and focus instead on whether his offense of conviction—as defined by its elements—"'substantially corresponds' to or is narrower than generic burglary." *Quarles v. United States*, 139 S. Ct. 1872, 1880 (2019) (quoting *Taylor v. United States*, 495 U.S. 575, 602 (1990)). As the Supreme Court of the United States has repeatedly held, "generic burglary" means an "unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Id.* at 1877 (emphasis omitted) (quoting *Taylor*, 495 U.S. at 599).

Section 140.25 of the New York Penal Law provides:

> A person is guilty of burglary in the second degree when he knowingly enters or remains unlawfully in a building with intent to commit a crime therein, and when:
>     1. In effecting entry or while in the building or in immediate flight therefrom, he or another participant in the crime:
>         (a) Is armed with explosives or a deadly weapon; or
>         (b) Causes physical injury to any person who is not a participant in the crime; or
>         (c) Uses or threatens the immediate use of a dangerous instrument; or
>         (d) Displays what appears to be a pistol, revolver, rifle, shotgun, machine gun or other firearm; or
>     2. The building is a dwelling.
> Burglary in the second degree is a class C felony.

Section 140.00(3) of the New York Penal Law defines "dwelling" as "a building which is usually occupied by a person lodging therein at night." The second degree burglary statute clearly is divisible. It creates disjunctive, alternative, and distinct crimes separated by the word "or" in subsections (1) and (2), and the two subsections have different elements that must be proved to sustain a conviction. *Mathis v. United States*, 579 U.S. 500, 512–13, 517–18 (2016); *see also United States v. Makropoulos*, 695 F. App'x 608, 610 (2d Cir. 2017) (stating that there "is no dispute . . . that [section] 140.25 is a 'divisible' statute that 'contains disjunctive elements[]'" (citation omitted)). Under a modified categorical approach, looking at the record of conviction, it is undisputed that the respondent was convicted of

---

INA, 8 U.S.C. § 1101(a)(43)(U), and we will not address the issue here. *See Matter of A-C-A-A-*, 28 I&N Dec. 351, 352 (A.G. 2021) (permitting the Board to rely on a party's decision not to contest certain issues on appeal).

attempted burglary of a dwelling under subsection (2), requiring as an element that the building be a "dwelling."  Thus, our focus is solely on section 140.25(2) of the New York Penal Law.

The Immigration Judge found that section 140.25(2) is overbroad and indivisible compared to the generic definition of burglary for two reasons.  First, a person can be prosecuted under the statute if he or she knowingly remains unlawfully, which is defined as being "in or upon premises when he [or she] is not licensed or privileged to do so."  N.Y. Penal Law § 140.00(5) (McKinney 2017).  However, as noted, the generic definition of burglary includes both "unlawful or unprivileged entry into, [and] *remaining in*, a building."  *Quarles*, 139 S. Ct. at 1877 (citation omitted).

Citing *Descamps v. United States*, 570 U.S. 254, 264 (2013), the respondent argues that a generic burglary requires unlawful or unprivileged entry along the lines of a breaking and entering, and the New York statute in this case does not require such conduct.  The respondent's argument is not persuasive because *Descamps* does not stand for the proposition that an unlawful or unprivileged entry requires breaking and entering.  It merely concluded that a State burglary statute, "'which did not require *any* unlawful or unprivileged entry (either by affirmative or passive acts of deception)' was non-generic."  *United States v. Herrold*, 941 F.3d 173, 181 (5th Cir. 2019) (en banc) (citation omitted) (concluding that a Texas burglary statute requiring entry "without the effective consent of the owner" but not a "breaking" fell within the generic definition of burglary); *see also United States v. Stitt*, 780 F. App'x 295, 299–300 (6th Cir. 2019) ("[N]othing in *Descamps* necessarily suggests that 'affirmative' acts are the *only* way a person may 'break' into, unlawfully enter, or remain in a habitation." (citing *Descamps*, 570 U.S. at 259)).  Finally, the main issue addressed in *Descamps* was whether the modified categorical approach may be applied to a statute that was overbroad and indivisible relative to the generic definition outlined in *Taylor*.  *Descamps*, 570 U.S. at 257–58.  As noted, that is not the case here because section 140.25(2) of the New York Penal Law is divisible.

Second, the Immigration Judge found that section 140.25(2) is indivisible and broader than the generic definition of burglary because of the statute's definitions of "building" and "dwelling."  Although it is unclear, we read the Immigration Judge's decision as finding that the State's definition of "dwelling" includes the word "building," which the Immigration Judge suggested is overbroad relative to the Federal burglary definition.  *Compare* N.Y. Penal Law § 140.00(2),[5] *with* N.Y. Penal Law § 140.00(3).  Along these

---

[5]   Section 140.00(2) of the New York Penal Law defines a "building" as,

in addition to its ordinary meaning, includ[ing] any structure, vehicle or watercraft used for overnight lodging of persons, or used by persons for carrying on business

lines, the respondent argued below and argues on appeal that New York incorporates a definition of "building" into his statute of conviction that is broader than the generic definition.[6]

However, the definition of "building" at section 140.00(2) does not apply to the alternative crime defined at section 140.25(2), under which the respondent was convicted, because a violation of this provision necessarily involves as an element the burglary of a subset of buildings—namely, dwellings under section 140.00(3).[7] *See, e.g.*, *People v. Pau Luong*, 693 N.Y.S.2d 399, 400 (N.Y. 1999) (stating that one of the "elements" of second degree burglary is "knowingly entering or remaining unlawfully in a *dwelling*" (emphasis added)); *People v. Quattlebaum*, 698 N.E.2d 421, 422 (N.Y. 1998) (distinguishing second and third degree burglary under New York law, noting the former requires burglary of a "dwelling," while the latter requires burglary of a "building"); *see also Ascencio-Contreras v. Rosen*, 842 F. App'x 659, 664 (2d Cir. 2021). A "building" is regarded as a "dwelling" under New York law if it is "'normal and ordinary' that it was 'used as a place for overnight lodging' and had 'the customary indicia of a residence and its character or attributes.'" *People v. Barney*, 786 N.E.2d 31, 34 (N.Y. 2003) (citation omitted). We conclude that burglary of a "dwelling" as defined under section 140.00(3) of the New York Penal Law fits within the generic definition of burglary.

The decision of the Supreme Court of the United States in *United States v. Stitt*, 139 S. Ct. 399 (2018), supports this conclusion. The question in that case was whether two State statutes criminalizing burglary of a nonpermanent or mobile structure, including a vehicle used for overnight accommodation, defined a generic burglary offense under the Armed Career Criminal Act ("ACCA"). *Id.* at 404, 406. Citing *Taylor*, the Court emphasized that "Congress intended the definition of 'burglary' [in the

_____

therein, or used as an elementary or secondary school, or an inclosed motor truck, or an inclosed motor truck trailer. Where a building consists of two or more units separately secured or occupied, each unit shall be deemed both a separate building in itself and a part of the main building.

[6] Before the Immigration Judge, the respondent cited other Immigration Judges' decisions concluding that New York's definition of "building" is overbroad.

[7] Because the respondent's offense necessarily involved the burglary of a "dwelling," we need not address whether the burglary of a "building" under New York law, including the burglary of a structure or vehicle adapted for carrying on business therein, falls within the generic definition of burglary. *See Mendoza-Garcia v. Garland*, 36 F.4th 989, 995 (9th Cir. 2022) (concluding that a State definition of "building," which encompassed "any booth, vehicle, boat, aircraft or other structure adapted . . . *for carrying on business therein*," was "not more expansive than the generic definition of burglary" (emphasis added)).

ACCA] to reflect 'the generic sense in which the term [was] used in the criminal codes of most States' at the time the [ACCA] was passed." *Id.* at 406 (second alteration in original) (quoting *Taylor*, 495 U.S. at 598). At that time, "a majority of state burglary statutes covered vehicles adapted or customarily used for lodging." *Id.* The Court noted that Congress "viewed burglary as an inherently dangerous crime because burglary 'creates the possibility of a violent confrontation between the offender and an occupant, caretaker, or some other person who comes to investigate.'" *Id.* (quoting *Taylor*, 495 U.S. at 588). Further, although the Court acknowledged that the risk of violence is diminished if a vehicle or structure is only used for lodging part of the time, it noted that "a burglary is no less a burglary because it took place at a summer home during the winter, or a commercial building during a holiday." *Id.* The Court concluded that one of the State statutes at issue categorically defined a generic burglary offense because it covered burglaries of vehicles or structures customarily used or adapted for overnight accommodation, "more clearly focus[ing] upon circumstances where burglary is likely to present a serious risk of violence." *Id.* at 407.[8]

Pursuant to *Stitt*, we hold that the respondent's conviction for second degree burglary of a dwelling under section 140.25(2) of the New York Penal Law is categorically a conviction for generic burglary under section 101(a)(43)(G) of the INA, 8 U.S.C. § 1101(a)(43)(G), because the statute requires burglary of a "structure or vehicle that has been adapted or is customarily used for overnight accommodation." *Id.* at 403–04;[9] *see also Mendoza-Garcia v. Garland*, 36 F.4th 989, 996 (9th Cir. 2022) (noting that *Stitt* recognized "generic burglary encompasses non-traditional and nonpermanent structures that are 'designed or adapted for overnight use'" (quoting *Stitt*, 139 S. Ct. at 407)).

In support of his argument that the New York definition of "dwelling" is overbroad relative to the generic definition of burglary, the respondent argues that "dwelling" includes mixed-use buildings. The respondent cites New York case law finding that burglary of a hotel employee locker room and a museum on the first floor of the same building as the hotel was considered burglary of a "dwelling" because the defendant had access to the hotel's sleeping quarters through a stairway accessible to the hotel guest rooms. *People v. McCray*, 16 N.E.3d 533, 538 (N.Y. 2014).

---

[8]  The Court remanded for further proceedings regarding the second State statute at issue. *Stitt*, 139 S. Ct. at 407–08.

[9]  We disagree with the respondent's argument that applying *Stitt*'s holding to his case would be impermissibly retroactive. *Stitt*'s holding is consistent with the Supreme Court's definition of burglary in *Taylor*, which predates the respondent's commission of burglary. *See Centurion v. Holder*, 755 F.3d 115, 123–24 (2d Cir. 2014).

We are not persuaded *McCray* supports the respondent's argument that the State definition of "dwelling" is overbroad. As noted, burglary is an inherently dangerous crime because it "creates the possibility of a violent confrontation between the offender and an occupant, caretaker, or some other person who comes to investigate." *Stitt*, 139 S. Ct. at 406 (citation omitted); *see also United States v. Dodge*, 963 F.3d 379, 384 (4th Cir. 2020) ("*Stitt* implies that generic federal burglary is concerned with violent confrontations that might arise *when people are present*, whether in buildings, structures, or vehicles . . . ."). The court in *McCray*, 16 N.E.3d at 538, found that the defendant's access to the hotel's sleeping quarters involved the risks inherent in generic burglary, including "the danger of violence."

Moreover, under New York case law, second degree burglary of a "dwelling" must, at a minimum, involve the burglary of a building that is part of and accessible to an area *usually occupied* by a person lodging therein at night. *See People v. Carlucci*, 146 N.Y.S.3d 785, 785 (N.Y. App. Div. 2021) (finding that burglary of "mixed residential/commercial buildings" qualified as burglary of a "dwelling" where the buildings "contained residences, and the basements the defendant broke into were not 'so remote and inaccessible from the living quarters that the special dangers inherent in the burglary of a dwelling do not exist'" (quoting *McCray*, 16 N.E.3d at 534)); *cf. Quattlebaum*, 698 N.E.2d at 423 (holding that a school building was not a "dwelling" where, despite the "existence of the bed and a chair in two offices," the "offices were 'rarely' used for overnight stays" and were not "*usually occupied* by a person lodging therein at night" (emphasis added)). Thus, section 140.25(2) defines burglary as a dangerous crime that is *likely* to "create[] the possibility of a violent confrontation"—conduct that is narrower than and fits within the Supreme Court's definition of generic burglary. *Stitt*, 139 S. Ct. at 406 (stating that generic "burglary should cover places with the '*apparent potential* for regular occupancy'" (emphasis added) (citation omitted)).

The respondent does not dispute that his State crime is one "for which the term of imprisonment [is] at least one year" as required by section 101(a)(43)(G). Because the respondent has not met his burden of proving he was not convicted of an attempted aggravated felony burglary offense within the meaning of sections 101(a)(43)(G) and (U), he is statutorily ineligible for cancellation of removal under section 240A(a)(3) of the INA, 8 U.S.C. § 1229b(a)(3). *See* INA § 240(c)(4)(A)(i), 8 U.S.C. § 1229a(c)(4)(A)(i).

Since the Immigration Judge found the respondent removable for having been convicted of two or more crimes involving moral turpitude under section 237(a)(2)(A)(ii) of the INA, 8 U.S.C. § 1227(a)(2)(A)(ii), and the respondent's aggravated felony conviction bars him from the remaining discretionary relief he requested, we will sustain DHS' appeal and order the

respondent removed.  *See Lazo v. Gonzales*, 462 F.3d 53, 54 (2d Cir. 2006) (per curiam) (stating that the Board may order a respondent removed where the Immigration Judge has found the respondent removable and the Board overturns a grant of discretionary relief).  Accordingly, DHS' appeal is sustained, the Immigration Judge's grant of cancellation of removal is vacated, and the respondent is ordered removed to Ukraine.

**ORDER:**  The Department of Homeland Security's appeal is sustained.

**FURTHER ORDER:**  The Immigration Judge's decision is vacated, and the respondent is ordered removed from the United States to Ukraine.