# Matter of Oscar Alfredo DUBON MIRANDA, Respondent

*Decided by Board September 22, 2025[1]*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

Given the respondent's inappropriate and concerning behavior with his stepdaughter, his criminal convictions for driving under the influence and disturbing the peace, and the lack of information explaining the disturbing the peace convictions, the respondent has not satisfied his burden of demonstrating that he is not a danger to the community.

FOR THE RESPONDENT:  John D. DeWald, Esquire, Omaha, Nebraska

FOR THE DEPARTMENT OF HOMELAND SECURITY:  Kourtney A. Greenfield, Assistant Chief Counsel

BEFORE:  Board Panel:  MULLANE, HUNSUCKER, and GEMOETS, Appellate Immigration Judges.

HUNSUCKER, Appellate Immigration Judge:

The Department of Homeland Security ("DHS") appeals the Immigration Judge's July 17, 2024, decision ordering the release of the respondent upon payment of a $7,000 bond subject to conditions within DHS' discretion.  The Immigration Judge issued a bond memorandum explaining the reasons for the determination on August 20, 2024.  The respondent opposes the appeal.  We will sustain DHS' appeal, vacate the Immigration Judge's bond decision, and order the respondent detained in DHS' custody.

The Immigration Judge found that the respondent established he was not a danger to the community.[2]  DHS argues the Immigration Judge erred in

---

[1]  Pursuant to Order No. 6522-2025, dated December 8, 2025, the Attorney General designated the Board's decision in *Matter of Dubon Miranda* (BIA Sept. 22, 2025), as precedent in all proceedings involving the same issue or issues.  *See* 8 C.F.R. § 1003.1(g)(3) (2025).  Editorial changes have been made consistent with the designation of the case as a precedent.

[2]  During the pendency of this appeal, the Board issued *Matter of Yajure Hurtado*, which held that "Immigration Judges lack authority to hear bond requests or to grant bond to aliens . . . who are present in the United States without admission."  *Matter of Yajure Hurtado*, 29 I&N Dec. 216, 225 (BIA 2025).  While neither party has raised the issue of jurisdiction in this case, it appears the respondent may be present in the United States without admission.  If so, the Immigration Judge would lack jurisdiction to hear the

finding that the respondent is not a danger to the community. In bond proceedings, respondents bear the burden to show they are not a danger to the community or such a flight risk that no bond amount would be sufficient to secure their appearance. *See Matter of Urena*, 25 I&N Dec. 140, 141 (BIA 2009); *Matter of Guerra*, 24 I&N Dec. 37, 38 (BIA 2006).

Upon our de novo review, we conclude that the Immigration Judge erred in determining that the respondent met his burden to show he is not a danger to the community. *See Matter of Beltrand-Rodriguez*, 29 I&N Dec. 76, 77 (BIA 2025) ("Whether an alien poses a danger to the community upon release or is a flight risk are questions of judgment that we review de novo, but the factual findings underlying such judgments are reviewed for clear error."); *see also* 8 C.F.R. § 1003.1(d)(3)(i)–(ii) (2025). It is undisputed that the respondent was charged with Third Degree Sexual Assault of a Child on September 28, 2022, and two counts of Third Degree Sexual Assault of a Child on July 10, 2022. They stem from allegations that the respondent touched his stepdaughter in a sexual manner on several occasions when she was between 7 and 12 years old and sent her text messages asking that he be her boyfriend. While these charges were dismissed and the stepdaughter recanted her claims about being physically touched, the Immigration Judge clearly erred in giving such definitive weight to these factors. They do not resolve the question of whether the respondent was a danger to his stepdaughter or is a danger to other children given the other serious factors present.

Specifically, the Immigration Judge found, without clear error, that the respondent sent his stepdaughter text messages that stated he wanted to be her boyfriend. The Immigration Judge correctly characterized the text messages as "inappropriate." The Immigration Judge also found, without clear error, that the respondent attempted to enter his stepdaughter's room while intoxicated. The respondent's inappropriate request to a minor that he be her boyfriend and his attempts to enter her room while intoxicated suggest he may have, at the very least, attempted to "subject[] a person who was particularly vulnerable because of her age and her familial relationship to the respondent to unlawful sexual conduct." *Matter of Beltrand-Rodriguez*, 29 I&N Dec. at 78. Such behavior is highly indicative of being a danger to the community. *See id*.

---

respondent's bond request. *Id*. However, because the respondent will be held without bond for the reasons discussed in this decision, it is not necessary to address the jurisdictional issue at this time. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) (explaining that as a general rule, "courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach").

The Immigration Judge also found, without clear error, that the respondent pleaded guilty to two counts of disturbing the peace based on incidents that appear related to his stepdaughter. These criminal convictions are also indicative of his dangerousness. *See Matter of Guerra*, 24 I&N Dec. at 40 (identifying "the alien's criminal record" as a relevant factor in bond determinations). The Immigration Judge found, without clear error, that when asked what he did to commit the offense, the respondent said he entered a guilty plea so "everything could end." This nonresponsive answer and the lack of additional evidence explaining the disturbing the peace convictions leaves open questions about what the respondent did, which is key to assessing his dangerousness. It is particularly concerning given the inappropriate conduct the respondent exhibited toward his stepdaughter and that these convictions appear to be related to his stepdaughter.

Finally, it is undisputed that the respondent was convicted of driving under the influence of liquor in 2010. This fact further illustrates the respondent's dangerousness, particularly given the Immigration Judge's finding as to the respondent's more recent behavior involving his stepdaughter while intoxicated. *See Matter of Choc-Tut*, 29 I&N Dec. 48, 50 (BIA 2025) ("Driving under the influence represents a grave danger to the community and is a significant adverse consideration in bond proceedings.").

As stated, the respondent bears the burden of demonstrating that he is not a danger to the community. *See Matter of Urena*, 25 I&N Dec. at 141; *Matter of Guerra*, 24 I&N Dec. at 38. Given the respondent's inappropriate and concerning behavior with his stepdaughter, his criminal convictions for driving under the influence and disturbing the peace, and the lack of information explaining the disturbing the peace convictions, the respondent has not satisfied this burden. "Dangerous aliens are properly detained without bond," and we will therefore reverse the Immigration Judge's grant of a bond. *Matter of Urena*, 25 I&N Dec. at 141. Because the respondent has not established he is not a danger to the community, it is not necessary to address the Immigration Judge's flight risk finding. *See id.* ("Only if an alien demonstrates that he does not pose a danger to the community should an Immigration Judge continue to a determination regarding the extent of flight risk posed by the alien."). Accordingly, the following orders are entered.

**ORDER:** DHS' appeal is sustained.

**FURTHER ORDER:** The Immigration Judge's July 17, 2024, order granting the respondent's release on payment of a $7,000 bond is vacated.

**FURTHER ORDER:** The respondent is ordered held in DHS' custody without bond.